**TOBIN v. EDWARD S. WAGNER CO., Inc.**

**No. 112, Docket 21793.**

United States Court of Appeals
Second Circuit.

Argued Feb. 7, 1951.

Decided March 21, 1951.

---

Benjamin L. Lasky, Brooklyn, N. Y. (Charles M. Joseph, New York City, of counsel), for defendant-appellant.

John A. Hughes, Regional Attorney, Office of Solicitor, U. S. Dept. of Labor, New York City (William S. Tyson, Solicitor, Bessie Margolin, Asst. Solicitor, and Helen Grundstein, Attorney, U. S. Dept. of Labor, all of Washington, D. C., of counsel), for plaintiff-appellee.

Before L. HAND, Chief Judge, and SWAN and FRANK, Circuit Judges.

The facts (except those added in the opinion of this court) are stated in the opinion of the District Court, 89 F.Supp. 304.

FRANK, Circuit Judge.

In the light of Gemsco v. Walling, 324 U.S. 244, 65 S.Ct. 605, 89 L.Ed. 921,[1] and especially because of the subsequent addition of Section 11(d) of the Act[2] we think the Act sufficiently broad to authorize an administrative order or regulation including homeworkers engaged in activities such as those who dealt with the defendant here. That was the issue presented to the trial judge and chiefly argued on this appeal. Were there no more to the case, we would affirm.

However, in a footnote in defendant's brief, and in its oral argument, in this court, it was also argued that the homeworkers here were not within the scope of the Administrator's regulation. Those regulations contain this definition: "As used in these regulations, the term 'industrial homework,' means the production of any person in or about a home, apartment, tenement or room, in a residential establishment, for an employer of goods from

---

1. See also the discussion in the opinions of this court in that case, 2 Cir., 144 F. 2d 608, 155 A.L.R. 761.

2. Section 11(d), 29 U.S.C.A. § 211 (d), added in 1949, reads as follows: "(d) The Administrator is authorized to make such regulations and orders regulating, restricting, or prohibiting industrial homework as are necessary or appropriate to prevent the circumvention or evasion of and to safeguard the minimum wage rate prescribed in this chapter and all existing regulations or orders of the Administrator relating to industrial homework are continued in full force and effect."

*material furnished directly by or indirect-ly* for such employer."[3] There is no evidence to show that the material was thus furnished by defendant.[4]

Plaintiff argues that this was an unintended loophole in the regulations; that the public hearings which preceded the issuance of the regulations disclose that the regulations were meant to cover such homeworkers as those here; and that, recognizing the administrative purpose, we should not construe the regulations too literally.

Were we interpreting a statute to ascertain what power it conferred on an administrative officer, much could be said for such an argument. Beginning at least with Aristotle, it has often been recognized that, as a legislature cannot foresee all possible particular instances to which legislation is to apply, it must therefore be reasonably so interpreted to fill in gaps.[5] But when the legislature delegates to an administrative official the authority, by "sublegislation", to issue regulations, in order to fill in those gaps, then the regulations, precisely because they particularize, ought not be as generously interpreted as the statute. In fairness to the regulated, the provisions of the regulations should not be deemed to include what the administrator, exercising his delegated power, might have covered but did not cover. True, in deciding what they do cover, we must not regard their literal terms merely, but must also give much weight to administrative interpretive rulings which have been published and of which the regulated are thus on notice.[6]

3. 7 F.R. 2593. 29 CFR 617.101. Emphasis added.

4. At the trial, the following colloquy took place between Mr. Funston, for appellee, Mr. Lasky for appellant, and the court:
"Mr. Funston: Then Wagner continued to do business with the people who were making the yarn—making the infant's wear, I mean, and they did, as Mr. Lasky says, purchase their materials. Now—
"Mr. Lasky: When you say they did purchase the material, you mean—
"Mr. Funston: The People.
"Mr. Lasky: The Workers.
"Mr. Funston: The people working in their homes, the workers, would write to the yarn companies—
"Mr. Lasky: Yes.
"Mr. Funston: And purchase their materials.
"Mr. Lasky: Yes.
"Mr. Funston: At the present time every one that we have a deposition from purchased materials from the same source —Irving Cohen & Company. That has not been true in the past. There is documentary evidence and other evidence to show that Mr. Wagner has at times given the names of yarn companies to the defendants—I mean to the homeworkers. That is, places where they could buy yarn.
"Mr. Lasky: And it should be stated—
"Mr. Funston: All right.
"Mr. Lasky: —that Irving Cohen Yarn Company is in no way connected, directly or indirectly, with the defendants in

this case. They are not known to each other.
"The inference there might be that we are working with the Irving Cohen Yarn Company. We don't know them. We have never been there. We have never had any transactions directly with them.
* * *
"The Court: Mr. Funston, do you claim that there is any connection between Cohen and Wagner in the sense of a controlling connection?
"Mr. Funston: I don't know. I will not offer any testimony to that effect.
"The Court: If it were so the burden would be on you.
"Mr. Funston: The burden would be on us, and I will state that at this time I have no evidence to show it, no evidence that there was any control.
"The Court: If you say you don't know, I will assume that there is none."

The Court found: "9. All of the suppliers paid for their own yarn and for parcel post charges."

5. See Usatorre v. The Victoria, 2 Cir., 172 F.2d 434, notes 12–16; Guisseppi v. Walling, 2 Cir., 144 F.2d 608, 615 et seq., 155 A.L.R. 761; N. L. R. B. v. National Maritime Union, 2 Cir., 175 F.2d 686, 690 and notes 4–5.

6. Walling v. Brooklyn Braid Co., 2 Cir., 152 F.2d 938, 940; Walling v. Cohen, 3 Cir., 140 F.2d 453, 455. See also Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 413–414, 65 S.Ct. 1215, 89 L.Ed. 1700.

980

But here there were no published rulings giving the construction for which plaintiff contends.

■ However, as the defendant's argument based on the definition in the regulations was first made in this court, we will remand the case to afford plaintiff the opportunity to offer further evidence, if he so desires, showing that the workers fall within that definition.

Reversed and remanded.

SWAN, Circuit Judge, concurs in the result.