UNITED STATES ex rel. MILETIC v. DISTRICT DIRECTOR OF IMMIGRATION AND NATURALIZATION AT PORT OF NEW YORK et al.

United States District Court
S. D. New York.

Nov. 5, 1952.

720

Clara Candell, New York City, for relator.

Myles J. Lane, U. S. Atty., New York City, Max Blau, New York City, of counsel, for respondents.

SUGARMAN, District Judge.

The relator, a seaman, and subject of Yugoslavia, overstayed his shore leave after he came ashore from a Yugoslavian vessel at Philadelphia, Pennsylvania, on January 31, 1952. He was apprehended. After a hearing on June 20, 1952, at which he was represented by counsel, he was ordered deported. He specified Canada as the country to which he chose to be deported. On July 23, 1952 Canada determined not to admit him.

In the meantime and on June 21, 1952, he requested an opportunity to establish that his deportation to Yugoslavia would subject him to physical persecution. On August 29, 1952, he was accorded a further hearing to establish this contention. Thereafter, the Attorney General, on the examiner's recommendation, found that petitioner would not be subjected to physical persecution if deported to Yugoslavia, and petitioner was advised on October 22, 1952, that he would be deported to Yugoslavia, which had consented to receive him.

A writ of habeas corpus duly issued from this court; the respondent made return thereto and petitioner traversed said return.

Respondent urges that the court lacks jurisdiction to review the Attorney General's determination that petitioner would not be subjected to physical persecution if returned to his native land. With this contention I disagree.

■ In considering the parallel question of the court's jurisdiction to review the Attorney General's determination of bail, under 8 U.S.C.A. § 156(a), the Supreme Court in Carlson v. Landon, 342 U.S. 524, 72 S.Ct. 525, approved what was said by the Second Circuit Court of Appeals in United States ex rel. Potash v. District Director, 2 Cir., 169 F.2d 747, 751:

"The discretion * * * is interpreted as one which is to be reasonably exercised * * *. However, in any consideration of his denial of bail it should always be borne in mind that the court's opinion as to whether the alien should be admitted to bail can only override that of the Attorney General where the alien makes a clear and convincing showing that the decision against him was without a reasonable foundation. * * *"

Likewise, this court may review a determination of the probability of no physical persecution but

"* * * It can only be overridden where it is clearly shown that it 'was without a reasonable foundation.'" Carlson v. Landon, supra, 342 U.S. at page 540, 72 S.Ct. at page 534.

■ Upon reviewing the testimony of the hearing accorded petitioner on August 29, 1952, I am satisfied that the Attorney General's determination against the petitioner was not without reasonable foundation and is well supported by the record. The petitioner had never been engaged in any political activity of any kind whatsoever; had been given complete freedom to come and go in Yugoslavia; has a mother, five sisters and three brothers residing there, none of whom have been subjected to persecution; and could ascribe as the basis for his fear only the expectation of such punishment as might be visited upon him for his having jumped his ship. Punishment for the crime of desertion is not the physical persecution contemplated by Congress in adding that clause to Title 8 U.S.C.A. § 156(a) by the Internal Security Act of 1950. See United States ex rel. Camezon v. District Director of Immigration & Naturalization at Port of New York, D.C., 105 F.Supp. 32.

The writ is dismissed.