**DURKIN, Secretary of Labor, v. EDWARD S. WAGNER CO., Inc.**

**Civ. A. No. 8847.**

United States District Court
E. D. New York.
Sept. 10, 1953.

Jeter S. Ray, Acting Sol. of Labor, Washington, D. C., John A. Hughes, Regional Atty., New York City, C. Ira Funston, Supervising Atty., Washington, D. C., for plaintiff.

Benjamin L. Lasky, Brooklyn, N. Y., Charles M. Joseph, New York City, for defendant.

GALSTON, District Judge.

This is an action to enjoin the defendant, a distributor of infants' knitted wear, from violating the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., and regulations issued by the Administrator of the Wage and Hour Division, Department of Labor, pursuant to the Act.

The action was originally tried before Judge Kennedy on a complaint alleging violations of the provisions of Sections 6 and 15(a) (1) of the Act by the defendant, in paying to many of their homeworkers, for their employment in the production of goods for interstate commerce, wages at rates less than the minimum wage rate established by the pertinent regulations; and for violations of the applicable regulations requiring the obtaining of special homework certificates and the submission by the employer of records and reports with respect to the employment of homeworkers. The defendant conceded, at the first trial, that the goods were produced for interstate commerce, that no records had been kept, and that the homeworkers were employed without certificates. The question put in issue before Judge Kennedy was whether the homeworkers were employees within the meaning of the Act and of the pertinent regulations.

Judge Kennedy concluded that the homeworkers were employees within the meaning of the Act. McComb v. Edward S. Wagner Co., D.C., 89 F.Supp. 304.

On appeal, the defendant contended for the first time that the homeworkers involved were not within the scope of the applicable regulation. The regulations contained this definition:

"As used in these regulations, the term 'industrial homework', means the production of any person in or about a home, apartment, tenement or room, in a residential establishment, for an employer of goods from material furnished directly by or in-

directly for such employer." 7 F.R. 2593, 29 C.F.R. 617.101.

Since there was no evidence to show that the material was thus furnished by the defendant, the court reversed the decision of the district court. Tobin v. Edward S. Wagner Co., 2 Cir., 187 F.2d 977. In reversing, however, the court took the view that the Act was sufficiently broad,

" * * * to authorize an administrative order or regulation including homeworkers engaged in activities such as those who dealt with the defendant here. * * * Were there no more to the case, we would affirm." Tobin v. Edward S. Wagner Co., supra, 187 F.2d at page 978.

The plaintiff contended, before the Court of Appeals, that the public hearings which preceded the issuance of the regulations disclose that the regulations were meant to cover homeworkers, regardless of the source of the materials used by the homeworkers. In the absence of any published administrative interpretive rulings giving such an interpretation to the regulations, however, the court concluded that the definition contained therein could not be given the construction for which the plaintiff contended. Therefore, it remanded the case to afford the plaintiff the opportunity to offer further evidence showing that the workers fell within the definition.

Subsequent to the decision of the Court of Appeals the Administrator of the Wage and Hour Division issued an amendment to the homework regulation, published in the Federal Register on April 16, 1951, as well as an amendment to the record-keeping regulations, published in the Federal Register on May 3, 1951, which read as follows:

" 'Industrial homeworker' and 'homeworker', as used in this part (section) mean any employee employed or suffered or permitted to perform industrial home work for an employer.

" 'Industrial home work,' as used in this part (section), means the production by any person in or about a home, apartment, tenement, or room in a residential establishment of goods for an employer who suffers or permits such production, regardless of the source (whether obtained from an employer or elsewhere) of the materials used by the homeworker in such production."

On September 7, 1951, the plaintiff filed, with leave of the court and with the consent of the defendant, a supplemental complaint, setting forth the new regulations and their continued violations by the defendant. It is also alleged therein that:

"Said amendment sets forth in express terms the interpretation always given to the original regulation by the plaintiff and the Administrator of the Wage and Hour Division, United States Department of Labor which interpretation was at all times known to the defendants."

The defendant answered, denying the due promulgation of the amended regulations and asserting that they were made "without right, power or authority and without observance of the procedure required by the Administrative Procedure Act. 5 U.S.C. § 1001ff (sic) and should be declared to be unlawful and set aside."

On the trial on remand, the plaintiff stated that in view of the amendments to the regulations, no further evidence would be offered and accordingly the facts have been stipulated. This stipulation discloses that there was an exchange of letters in April and May, 1951, between John J. Babe, Assistant Solicitor, United States Department of Labor, and Benjamin L. Lasky, one of defendant's attorneys. The letters of Mr. Babe called attention to the "clarifying" amendments referred to above, and asked if defendant intended to comply henceforth with the regulations governing homeworkers, offering to dismiss the case if assurances of compliance were given. Mr. Lasky's reply failed to give the assurances requested and stated, in part, as follows:

"In the light of the decision on appeal, I cannot, on the record * *, accept your conclusion that the

amendments were promulgated as clarifying amendments and I seriously question your authority in by-passing the procedure and requirements of law with respect to rules and rule making."

Thus, on the pleadings and the stipulated facts, the issue now before the court is the validity and the applicability of the amendments, to the regulations defining homework and homeworkers.

Section 4 of the Administrative Procedure Act, 5 U.S.C.A. § 1003, provides, in material part, as follows:

"(a) General notice of proposed rule making shall be published in the Federal Register * * *. Except where notice or hearing is required by statute, this subsection shall not apply to interpretative rules, * *, or in any situation in which the agency for good cause finds (and incorporates the finding and a brief statement of the reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest.

"(b) * * *

"(c) The required publication or service of any substantive rule (other than * * * interpretative rules * * *) shall be made not less than thirty days prior to the effective date thereof except as otherwise provided by the agency upon good cause found and published with the rule."

The amendments involved here were promulgated without advance notice and were made effective immediately upon publication in the Federal Register. It is the defendant's contention that the failure of the Administrator to give notice of the proposed amendments makes the promulgation thereof unlawful. The plaintiff justifies the lack of advance notice on the ground that it was properly dispensed with since (1) the amendments were "interpretative rules," and (2) the Administrator for good cause found that notice and public hearing was impracticable, unnecessary and against the public interest.

In comparing the original and the amended definitions of "home work", without more, it is not such a simple matter to accept the amended wording, "regardless of the source (whether obtained from an employer or elsewhere) of the materials used," as an interpretation clarifying the original wording, "materials furnished directly by or indirectly for such employer." It may be noted too that the amendment purports, not merely to supplement, but to supersede the original definition. However, in the "Notice of Amendment to 'Definitions' Section of the Regulations Applicable to the Knitted Outerwear Industry", and the "Notice of Amendment of Regulations Relating to Industrial Homeworkers Contained in Part 516", published in the Federal Register, the Administrator states that in his opinion the regulations were intended to apply to all employment in homework, regardless of the source of the materials used by the homeworkers, and that he has been enforcing the regulations on that basis. The Court of Appeals, in its decision, declared that we must give "much weight to administrative interpretative rulings which have been published and of which the regulated are thus on notice." [187 F.2d 979.] The defendant contends that the amendments are not mere "clarifications" but rather involve substantive rule changes. However, it has submitted no evidence to controvert the Administrator's statement of the Wage and Hour Division's interpretation and enforcement in accordance thereto.

It is not necessary, however, to decide the controversy on the narrow ground of whether the amendments only clarified the Administrator's interpretation of the original regulation. The provisions of Section 4 of the Administrative Procedure Act dispensing with the requirement of notice and public proceedings where the rule-making agency for good cause finds it "impracticable, unnecessary, or contrary to the public interest", is not limited to interpretative rules, but applies "in any situation". In accordance with the requirement that

the "finding and a brief statement of the reasons therefor" be incorporated in the rule issued, the Administrator included the following in the "Notices" of the amendments published in the Federal Register:

"The Administrator is of the opinion that the regulations were intended to apply to all employment in homework whereby goods are produced for or on behalf of members of this industry, regardless of the source of the materials used by the homeworkers, and has been enforcing the regulations on the basis that homeworkers employed in this industry were subject to the Act and the regulations whether they produced directly for an employer or distributor, or under a so-called 'purchase and sale' or 'agency' arrangement or other devices designed to disguise the employment relation. The fact that the regulations have been so construed and enforced has been well known to the members of the industry through the institution of court proceedings by the Administrator and the Secretary of Labor (Tobin v. Wagner, infra; Tobin v. Harwood, 10 W.H. Cases 73 (W.D. Tenn.); Tobin v. Van Wagenen-Sager Inc., D.C.N.D.N.Y., No. 3129 and through court decisions upholding such construction (Tobin v. Harwood, 10 W.H. Cases 73 (W.D. Tenn.); Cf. Walling v. Wolff, D.C. N.D.N.Y., 63 F.Supp. 605).

"Most of the members of this industry who formerly used or dealt with homeworkers have for years been under court injunction prohibiting the employment of homeworkers except in accordance with the statutory minimum and overtime requirements, and from using any 'purchase and sales arrangements with any home workers' to avoid the requirements of the Act or the injunction 'whether the materials are furnished by defendants or by others' (Jacobs v. Hand Knitcraft Institute, D.C.S.D.N.Y., Civil 6–354.

2 Wage and Hour Reporters 499, decree entered November 21, 1939)."

After referring to the decision of the Court of Appeals in the instant case, the Administrator concludes as follows:

"Accordingly, the Administrator finds that immediately effective clarification of the regulations is essential in order to accomplish the intent of the present regulations to safeguard the wage standards in the industry, to eliminate the unfair competitive situation, and to provide for adequate enforcement of the home work restrictions. For the above reasons and because this amendment undertakes to clarify, not to change the consequences intended by the present regulations, advance notice and public procedure thereon is impracticable, unnecessary, and contrary to the public interest."

The scope of judicial review of agency action, as contained in the Administrative Procedure Act, provides for the right to set aside agency findings found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; or "unsupported by substantial evidence". 5 U.S.C.A. § 1009. It has been stated, as a general rule, that the official acts of public officials are entitled to a presumption of regularity. United States v. Chemical Foundation, 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L.Ed. 131. In considering the issue involved, the court is not limited to a consideration of the reasons given by the Administrator, but must look to the "whole record". Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. However, the defendant here has not presented any evidence to controvert the Administrator's reasons and finding, as stated in the published regulations. Therefore there is nothing presented to support its contention that the promulgation of the amendments was unlawful.

The defendant also seeks to retry the issue of whether the homeworkers here are employees within the meaning of the Fair Labor Standards Act. The deci-

sion of the Court of Appeals clearly intimates that the provisions of the Act are broad enough to include such home-workers as employees within the meaning of the Act, under the facts as found by Judge Kennedy. The facts as stipulated on remand are substantially the same as those contained in the findings of Judge Kennedy. They indicate that the relations between the defendant and the homeworkers, in the conduct of the defendant's business with them, has not changed. In view of the authorities cited by Judge Kennedy and the Court of Appeals, there is no reason for the court to reach a different conclusion now.

Hence it must be concluded that the amendments were properly promulgated and are applicable to the defendant's business. Therefore, the plaintiff is entitled to an injunction as prayed for.