Petition for Review of **FENG YEAT CHOW**, Petitioner,

v.

**Edward J. SHAUGHNESSY**, as District Director of the Immigration and Naturalization Service for the New York District, Defendant.

Petition for Review of **TSAI LIN, LIN**, Petitioner,

v.

**Edward J. SHAUGHNESSY**, as District Director of the Immigration and Naturalization Service for the New York District, Defendant.

United States District Court
S. D. New York.
May 7, 1957.

Haskell R. Barst, New York City, for petitioner.

Paul W. Williams, U. S. Atty., New York City, for respondent. Roy Babitt, Sp. Asst. U. S. Atty., and Gen. Atty., Immigration and Naturalization Service, New York City, of counsel.

SUGARMAN, District Judge.

In proceedings to review deportation orders issued by Edward J. Shaughnessy, as District Director of the Immigration and Naturalization Service for the New York District, Feng Yeat Chow and Tsai Lin, Lin concededly deportable aliens, move for an order staying the enforcement of the outstanding orders for their deportation to Formosa, with incidental relief.

The defendant cross-moves for summary judgment dismissing the complaints.

In support of their instant motions, the petitioners rely on the allegations of their complaints and their contentions of error on the part of defendant which allegedly vitiated the proceedings underlying the final orders herein.

The papers before the court, including the administrative files of the Immigration and Naturalization Service pertaining to movants, show that each petitioner is an alien, a native and citizen of China, who was temporarily admitted to the United States as a seaman and who failed to depart within the time required as a condition of admission. The petitioners were apprehended on warrants for their arrest. Hearings were held, resulting in orders of deportation. Failing to obtain relief under the Refugee Relief Act of 1953,[1] the petitioners sought a stay of deportation under § 243(h) of the Immigration and Naturalization Act of 1952 [8 U.S.C.A. § 1253(h)], contending that if the defendant should deport them to Formosa as he intends to do, they would there be subjected to physical persecution.

Protracted hearings were held on the question by a special inquiry officer who on January 29, 1957 found that the petitioners had "failed to establish that their deportation to Formosa would re-

1. Pub.Law 203, 83rd Cong., 50 U.S.C.A. Appendix, § 1971 et seq.

sult in physical persecution to them on account of race, religion or political beliefs." He concluded "that their applications to withhold deportation to Formosa should be denied." The special inquiry officer recommended "that the applications to withhold deportation to Formosa under Section 243(h) of the Immigration and Nationality Act be denied, in that the applicants have failed to establish that they would be subject to physical persecution if so deported."

On March 4, 1957 the Acting Regional Commissioner ordered "that the applications to withhold deportation to Formosa under Section 243(h) of the Immigration and Nationality Act be denied."

Formal demand dated March 28, 1957 was served upon the aliens to surrender on April 16, 1957 for deportation to Formosa. This date was apparently changed to April 18, 1957 at some later time.

On April 3, 1957 the instant proceedings for review were commenced. Petitioners' motions for temporary injunctions were filed on April 4, 1957 and the cross-motions for summary judgment were served on April 11, 1957, returnable on April 16, 1957.

■ The defendant's motions for judgment will be decided first.[2]

The complaints are based: (A) upon legal contentions that (1) the refusal to grant a stay of deportation to the petitioners is contrary to law, an abuse of discretion and an act which is arbitrary and capricious and petitioners have been denied a fair hearing with respect to their applications for a stay of deportation under Section 243(h) of the Immigration and Nationality Act; (2) the Regional Commissioner of the

Immigration and Naturalization Service is "without authorization" under the statute[3] to make a determination whether the petitioners would, if deported to a certain place, be there subject to physical persecution; (3) the authority to make such determination is nondelegable by the Attorney General. The complaints are also based: (B) upon allegations of fact that (1) the Government of China in Formosa has not expressed willingness to receive the petitioners; (2) the aliens will be subjected to physical persecution if deported to that place; (3) the decision to deport these petitioners to Formosa is "discriminatory."

■ The first legal contention of petitioners (A–1 above) is not supported by anything before the court on these motions. A reading of all the prior proceedings shows no deprivation of any rights due the petitioners. Nothing dehors the record is offered to rebut the presumption of regularity and fairness that is accorded such proceedings.[4]

■ Petitioners' second assertion of legal error (A–2 above) is construed to be a claim that the order of March 4, 1957, denying relief under 8 U.S.C.A. § 1253(h), is invalid because the Acting Regional Commissioner acted in his own official capacity and not as the delegate of the Attorney General. This argument is rejected. In the absence of some evidence to the contrary, it will be presumed that such an order was intended to be made in the exercise of powers delegated by the officer's superiors.

■ The third legal contention of petitioners (A–3 above) that the Attorney General may not delegate the authority vested in him by the statute has been answered in this circuit by Judge Swan who said:[5]

2. No objection is made by the petitioners to the failure to serve the motions 10 days before the return date. F.R.Civ.P. 56(c), 28 U.S.C.A. This defect is deemed waived.

3. 8 U.S.C.A. § 1253(h).

4. Durkin v. Edward S. Wagner Co., D.C., 115 F.Supp. 118, 122, affirmed Mitchell v. Edward S. Wagner Co., 2 Cir., 217 F.2d 303, certiorari denied 348 U.S. 964, 75 S.Ct. 524, 99 L.Ed. 752.

5. United States ex rel. Donlenz v. Shaughnessy, 2 Cir., 206 F.2d 392, 394.

"That section [8 U.S.C.A. § 1253(h)] modified the language of the former statute in a manner which shows clearly, we think, that the withholding of deportation in cases where the alien fears persecution rests wholly in the administrative judgment and 'opinion' of the Attorney General *or his delegate.*" (Emphasis supplied.)

The first allegation of fact (B–1 above) is answered by a "Travelling Document" for each petitioner which is before the court, issued by the Chinese Consul General at New York, permitting his entry into Formosa.[6]

■ Considering the second allegation of fact (B–2 above) this court cannot re-examine the question of whether the petitioners will suffer physical persecution in Formosa which the Attorney General through his delegate, after a fair hearing and after weighing the evidence, has resolved against the petitioners.[7]

■ Finally as to the third allegation of fact (B–3 above) from the papers before me, the conclusory statement of counsel for petitioners that "the effort to effect" their "deportation to Formosa is a discriminatory one" is true.

The duty of the Attorney General's delegate is to "discriminate"[8] between those deportees who would and those who would not be subject to physical persecution. Nothing before me indicates that petitioners intend to offer any evidence outside the record tending to show any impropriety in the exercise of the discretion which controls that discrimination and such impropriety will not be presumed.

Accordingly, there are no issues before the court. The cross-motions for summary judgment are granted and the motions for preliminary injunctions are denied.

This opinion constitutes the findings and conclusions required by F.R.Civ.P. 52.

Enter judgment accordingly.

---

6. Cf. U. S. ex rel. Lee Ming Hon v. Shaughnessy, D.C.S.D.N.Y., 142 F.Supp. 468.

7. U. S. ex rel. Miletic v. District Director of Immigration, etc., D.C.S.D.N.Y., 108 F.Supp. 719.

8. Webster's New International Dictionary, (2d ed. Unabridged): "discriminate. 1. To make a distinction; to distinguish accurately; as, to *discriminate* between fact and fancy."