**Ruth DUNN**

v.

**TOWN OF SCARBOROUGH et al.**

Supreme Judicial Court of Maine.

Dec. 5, 1974.

Seymour Nathanson, Portland, for plaintiff.

Bernstein, Shur, Sawyer & Nelson by F. Paul Frinsko, Perkins, Thompson, Hinckley, Thaxter & Keddy by Bruce E. Leddy, Thomas Schulten, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, ARCHIBALD and DELAHANTY, JJ.

WEATHERBEE, Justice.

On July 28, 1970, the Building Inspector issued to the Defendant Pappas a permit for the erection of a building on parcel 24 as shown on the Town Assessors' Map U-1. This parcel is in what was then an R-3 (General Residence District) zone as defined by the Town Zoning Law, and the Plaintiff, an abutting lot owner, contends that the construction which the permit purported to authorize was forbidden by the ordinance then in effect.

The Plaintiff appealed the issuance of the permit to the Board of Appeals, and the Board held a hearing on her appeal on a date not disclosed by the record. However, on August 5, 1970, only a week after the issuance of the permit, the Town of Scarborough enacted a new Zoning Ordinance which took effect September 5, 1970, replacing the one under which the Building Inspector had issued the permit. On October 14, 1970, the Board of Appeals affirmed the decision of the Building Inspector that the permit should issue.

The Plaintiff then filed this complaint under M.R.C.P., Rule 80B on November 5, 1970, seeking to reverse the decision of the Board of Appeals and also, in a separate count, asking that the building (which she suggests has already been erected on the property) be found to be a nuisance and ordered to be removed.

The Defendants answered on December 22 and 24, 1970, denying that the permit purported to authorize a construction forbidden by the ordinance, and claiming laches on the part of the Plaintiff.

No further activity appears to have taken place in this matter (except for the Plaintiff's filing a pre-trial memo on May 30, 1972) until June 12, 1973, when Defendant Pappas filed a motion for summary judgment (apparently without a return date) with supporting affidavits, on the ground that there was no genuine issue as to any material fact.

A Justice of the Superior Court acted on this motion on June 19, 1973, on the pleadings and Defendants' affidavits, ruling:

"at the time of the action of the Board of Zoning Appeals that the action taken was lawful under the zoning ordinance enacted August 5, 1970 effective September 5, 1970."

He ordered summary judgment for the Defendants.

The Plaintiff filed a motion to strike this order on July 2, 1973 (which was not acted upon) and on July 11, 1973, she appealed from the final judgment which the Justice had ordered.

Now on appeal, the Plaintiff disputes the Justice's apparent conclusion that the validity of the Building Inspector's permit is determined by application of the provisions of the ordinance enacted subsequent to the Inspector's action or that there was original jurisdiction in the Board of Appeals to issue permits itself under the new law.

She further argues that one of the affidavits is based on hearsay and that pleadings and affidavits do not demonstrate the absence of issues of material fact, even under the new law. The Plaintiff also protests that the Justice acted prematurely in ordering summary judgment. The determination of this issue prevents our reaching the questions of the correctness of his rulings.

M.R.C.P., Rule 56, which introduced into our practice the device of summary judgment, requires that the motion seeking the judgment must be served upon the opposing party "at least 10 days before the time fixed for the hearing". M.R.C.P., Rule 56(c) specifically gives the adverse party the opportunity to serve opposing affidavits at any time prior to the date of hearing. By inference, it also gives the adverse party ten days in which to prepare himself to argue his position, if he wishes, at the *hearing*. Here, the Justice acted on the motion on the seventh day, without hearing.

▆▆▆ The Justice's premature action, no doubt inadvertent, was unauthorized. We cannot find a waiver by the Plaintiff in the fact that she filed no counter affidavits *after* he had ordered summary judgment against her. Neither can we find waiver in the fact that she did not allege in her motion to strike (upon which no action was taken), or in any other manner, that there were additional matters (which would have disputed Defendants' affidavits) which she could have brought to the Justice's attention if given another three days' opportunity.[1]

1. The Defendants have directed our attention to Feng Yeat Chow v. Shaughnessy, 151 F.Supp. 23 (D.C.S.D.N.Y.1957) and Oppenheimer v. Morton Hotel Corporation, 324 F.2d 766 (6th Cir. 1963). In *Feng Yeat Chow*, the District Court entered a summary judgment upholding the Commissioner's order of deportation of the petitioners. Although Department's motions had been served upon the petitioners less than ten days before hearing, the petitioners made no objection and elected to submit the matter for hearing on the pleadings and record and the Court found this to be a waiver of notice.

In *Oppenheimer*, the motion for summary judgment was filed by the defendant at pre-trial conference and heard immediately. The Plaintiff's counsel participated in the hearing, apparently without objection, and told the presiding Judge that he had no further evidence to submit. On appeal he claimed the Court was in error in hearing the motion within the ten day notice period and made no assertion that he would have been

As the Justice's order of summary judgment was improvidently made,

The entry must be:

Appeal sustained.

Case ordered remanded to the Superior Court for trial.

All Justices concurring.

WERNICK, J., did not sit.

able to produce further evidence within ten days. The *Oppenheimer* Court did not discuss waiver but, instead, found that it would be a "useless procedure to reverse the District Court . . . if only a substantive law question is involved."

Both cases are distinguishable from the present situation in the important respect that here Mrs. Dunn neither participated in the hearing nor had opportunity to do so.