Robert SPICKLER

v.

John CARZIS and Joseph E. Brennan.

Supreme Judicial Court of Maine.

Dec. 12, 1975.

Robert Spickler, pro se.

Preti & Flaherty by Gerald F. Petruccelli, Portland, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, WERNICK, ARCHIBALD and DELAHANTY, JJ.

DELAHANTY, Justice.

On May 30, 1974, Robert Spickler filed a complaint against John Carzis and Joseph E. Brennan in the Superior Court (Cumberland County), seeking money damages from the defendants for their allegedly unlawful attachment of certain real property owned by the plaintiff. The defendants moved for summary judgment under Rule 56 M.R.Civ.P. At the scheduled hearing on this motion on July 25, 1974, the plaintiff appeared *pro se* and made an oral request for a continuance on the ground that he had been unable to procure counsel. The record of this proceeding shows that a colloquy ensued concerning the plaintiff's inability to obtain counsel. This discussion ended abruptly when the presiding Justice adjourned the hearing.

Without further hearing, the Superior Court subsequently issued written orders denying the plaintiff's motion for a continuance and granting summary judgment for the defendants.

This appeal by the plaintiff raises the issue of whether summary judgment for the defendants was properly rendered. While we intimate no view whatsoever on the merits of this litigation, we hold that summary judgment was inappropriate in the circumstances of this case.

Rule 56 M.R.Civ.P. sets out a procedure which makes possible the prompt disposition of an action without trial, provided that there is no genuine dispute as to any material fact. Although the purpose of the summary judgment procedure is to avoid the necessity of holding a trial in cases where no factual dispute exists, Rule 56(c) plainly contemplates that a "hearing" on the summary judgment motion be held at least ten days after the service of the motion on the opposing party, and before the judgment is rendered.

Both the plaintiff, appearing *pro se,* and the defendants, by their counsel, were present at the scheduled hearing on the defendants' motion for summary judgment. At the outset, the defendants' counsel signalled his intention to make an oral argument in support of the motion but, before he had an opportunity to do so, the plaintiff deflected the focus of the hearing to his inability

to secure the services of an attorney. This was the sole issue which was addressed at that time by either the parties or the court.

The presiding Justice adjourned the hearing saying, "That will be all for today. I'll take it under advisement." It was not until several days after the hearing that the court issued its rulings denying the plaintiff's motion for a continuance, and granting summary judgment for the defendants.

It is clear that both parties anticipated that they would have the opportunity to orally present their respective legal arguments to the court at the July 25, 1974 hearing. It is equally clear that the hearing was adjourned before either party was heard on the merits of the summary judgment motion. Although this 'Court has not previously had occasion to decide whether an opportunity for oral argument on a motion for summary judgment is mandated by Rule 56, we have held that an order of summary judgment for the defendants was improvidently made when it was granted on the seventh day after the motion had been served on the plaintiff, and before any hearing had taken place. *Dunn v. Town of Scarborough*, Me., 329 A.2d 162, 163 (1974). We observed that Rule 56(c), "[b]y inference, . . . gives the adverse party ten days in which to prepare himself to argue his position, if he wishes, at the *hearing*" (emphasis in original). *Id.*

We are mindful that Rule 78 M. R.Civ.P. permits a trial court to "make provision for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition." In the instant case, however, the court made no such "provision," either by rule or order, and the parties proceeded on the understandable assumption that they would have the opportunity to argue orally on the motion for summary judgment. Although Rule 78 authorizes the determination of motions without an oral hearing, the court must, if it chooses to invoke this procedure, communicate its intention to do so to the parties, so that they have the opportunity to submit "written statements" on the motion. These written arguments then function as an alternative to the usual oral argument.[1] Since the Justice gave no indication to the parties that the summary judgment motion would be determined without an oral hearing, we are constrained to hold that in these circumstances, the court's disposition of the motion for summary judgment was premature.

As we deem the order of the presiding Justice on the motion for summary judgment to have been improvidently made, we remand for a full hearing on that motion [2] and such further proceedings as may be appropriate.

The entry shall be:

Appeal sustained. Case remanded to the Superior Court for disposition consistent with this opinion.

POMEROY, J., did not sit.

All Justices concur.

---

1. The court may, in its discretion, permit the parties to submit written statements *as well as* entertain oral argument on a motion.

2. We do not mean to suggest that the presiding Justice abused his discretion by denying the plaintiff's oral motion for a continuance.

Rule 40(c) M.R.Civ.P. The mischief which requires a remand of this case to the Superior Court is not the denial of the motion for a continuance, but rather, the *concurrence* of the denial of the continuance with the grant of summary judgment.