W. Bradford HASKELL and Mary
Louise Haskell

v.

**PLANNING BOARD OF the TOWN OF
YARMOUTH and Intervenors, David
Grant and Margaret Grant.**

Supreme Judicial Court of Maine.

July 3, 1978.

David J. Corson, Yarmouth (orally), for plaintiffs.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster by Ernest J. Babcock (orally), David T. Flanagan, Ralph I. Lancaster, Jr., Bernstein, Shur, Sawyer & Nelson by F. Paul Frinsko, Eric F. Saunders, Portland, for intervenors.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

DELAHANTY, Justice.

David and Margaret Grant, intervenors, applied to the defendant, Planning Board of the Town of Yarmouth (Planning Board), for a permit to build a new house. Following hearings and an on-site inspection of the property, the defendant Planning Board granted the application. The plaintiffs, W. Bradford and Mary Louise Haskell, abutting property owners, timely appealed this decision to the Superior Court, Cumberland County, pursuant to M.R.Civ.P. 80B. From an order of the Superior Court granting summary judgment to the defendant and the intervenors, the plaintiffs have appealed. We deny the appeal.[1]

We note initially that under M.R. Civ.P. 56(c), "[t]he motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing." The motion herein, dated November 17, 1976, was filed with the Clerk of the Superior Court on November 18. Hearing on the motion for summary judgment occurred on November 24. There is no indication of when the motion was served on the plaintiffs. Even assuming that service was made on November 17, it is apparent that the plaintiffs did not receive the full statutory notice to which they were plainly entitled.

Neither before the presiding Justice nor on appeal did the plaintiffs ever object to a transgression of the ten-day notice requirement. By participating in the hearing without protest, the plaintiffs waived any objection in this regard that they otherwise would have had. *Spence v. Latting*, 512 F.2d 93 (10th Cir.), *cert. denied*, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975); *Feng Yeat Chow v. Shaughnessy*, 151 F.Supp. 23 (S.D.N.Y.1957).[2]

The plaintiffs' 80B complaint alleged that the Planning Board's decision was not based upon any consideration of the proposed house's compatibility with the surrounding areas and natural resources as is required by the Zoning Ordinance of the Town of Yarmouth.[3] The defendant and

---

1. Our disposition of this appeal renders unnecessary a determination of whether the plaintiffs' allegations were sufficient to confer upon them standing to seek judicial review. *See Kelly v. Curtis*, Me., 287 A.2d 426, 430 (1972). Their complaint averred that as abutting landowners their property was damaged in the amount of $20,000.00 due to the Planning Board's improper decision granting the requested permit. *Compare* these allegations *with In re Lappie*, Me., 377 A.2d 441 (1977), in which an abutting landowner whose property "may pose problems of rodent control, litter, and seepage into ground water," *id.* at 443, as a result of a Board of Environmental Protection order had demonstrated a "potential for particularized injury," *id.*, sufficient to grant standing under 38 M.R.S.A. § 487.

2. We have had previous occasion to discuss the requirement of a hearing under M.R.Civ.P. 56(c). In *Dunn v. Town of Scarborough*, Me.,

329 A.2d 162 (1974), we reversed an order granting summary judgment within the ten-day period where there had been no hearing on the motion. Similarly, in *Spickler v. Carzis*, Me., 349 A.2d 173 (1975), although there apparently was compliance with the ten-day requirement, reversible error was again committed when the presiding Justice granted summary judgment without a hearing. Both *Dunn* and *Spickler* are entirely distinguishable from the present case in which the plaintiffs had full benefit of a hearing, the record herein indicating that all facts necessary for the Superior Court's determination were contained in the affidavits, which affidavits became the focal point at the hearing on the motion for summary judgment.

3. Although not included in the record, it appears that the pertinent portion of Yarmouth's Zoning Ordinance provides:

Any buildings or construction within 100 horizontal feet of the normal high water mark of

the intervenors' motion for summary judgment included an affidavit by the chairperson of the Planning Board stating that at the Board's September 7, 1976 hearing it received information from the intervenors and their attorney pertaining to the application's compliance with the appropriate portions of the Zoning Ordinance. Thereupon, the Board determined that it, along with the Town Engineer, would make an on-site inspection of the locus. On September 20, several members of the defendant Planning Board viewed the property to consider *inter alia* the proposed use's compatibility with the surrounding areas and natural resources. Attached to and made a part of the affidavit was the record of the proceedings before the Planning Board, which record included a waste discharge license for the intervenors' property from the Department of Environmental Protection.[4] The affidavit in effect concludes that based upon all of the oral and written evidence submitted by the intervenors, the waste discharge license, and the on-site inspection of the property, the Board found that the intervenors' proposal met the applicable requirements of the Yarmouth Zoning Ordinance, including the condition that the house be compatible with the surrounding areas and natural resources.

We have recently admonished that "summary judgment is an extreme remedy which should be cautiously invoked." *Cardinali v. Planning Board*, Me., 373 A.2d 251, 255 (1977). In that regard, the defendant and the intervenors, as the parties moving for summary judgment, had the burden of clearly establishing that no triable issue of material fact existed, *Akerley v. Lammi*, Me., 217 A.2d 396 (1966), even though the plaintiffs would have had to shoulder the burden of their 80B complaint at trial. *Cf. Central Maine Power Co. v. Waterville Urban Renewal Authority*, Me., 281 A.2d 233 (1971). Nevertheless, where, as here, the moving parties by affidavit and other evidence have plainly discharged their responsibility of demonstrating that the Planning Board did consider the proposed house's compatibility with the surrounding areas and natural resources, the only issue complained of in the 80B complaint, the party plaintiffs, who opposed summary judgment, were then obligated to produce specific controverting facts exposing the existence of a genuine issue. *Doff v. Brunswick Corp.*, 372 F.2d 801 (9th Cir. 1966), *cert. denied*, 389 U.S. 820, 88 S.Ct. 39, 19 L.Ed.2d 71 (1967).[5] This they did not do.

The plaintiffs' response to the affidavit and supporting testimony of the defendant and the intervenors consisted of an affidavit by the plaintiffs' counsel, the only marginally relevant portion of which baldly parroted the allegation in the 80B complaint that the Board's decision, particularly its finding of "compatibility," was not based on any evidence or testimony and was reached without discussion. Stubborn reliance upon conclusory allegations contained in the pleadings, however, will not create a material issue of fact. *Beal v. Lindsay*, 468 F.2d 287 (2d Cir. 1972). What was required of the plaintiffs was an affidavit setting forth specific and detailed facts which would deny or contradict the affidavit of the defendant and the intervenors. Their failure to controvert the moving affidavit has the effect of admitting the facts con-

---

any navigable pond, lake, river or salt water body shall require Planning Board approval based on:
1. Soil Suitability
2. Flood Plain
3. Availability of Utilities
4. Compatibility with Surrounding Areas and Natural Resources.

4. Under M.R.Civ.P. 56(e), "affidavits . . . *shall set forth such facts as would be admissible in evidence . . . .*" The plaintiffs' failure to object to or to move to strike the affidavit waives any hearsay argument or other ob-

jection concerning the admissibility of evidence that they may have had. *Lacey v. Lumber Mut. Fire Ins. Co.*, 554 F.2d 1204 (1st Cir. 1977).

5. As we stated in *Steeves v. Irwin*, Me., 233 A.2d 126, 129 (1967), and as reflected in M.R. Civ.P. 56(e), "when . . . a motion [for summary judgment] is made with proper supportive affidavit as provided under this rule, then the adverse party must respond by counter affidavit setting forth specific facts showing that there is a genuine issue for trial."

tained therein for the purpose of determining the motion for summary judgment, *Fitzke v. Shappell*, 468 F.2d 1072 (6th Cir. 1972); *Morrison v. Walker*, 404 F.2d 1046 (9th Cir. 1968), and under the circumstances of the instant case establishes the defendant and the intervenors' right to summary judgment.

The entry is:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., and NICHOLS, J., did not sit.

POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ., concurring.