**Harry J. SMITH**

v.

**Freeman L. KENNARD.**

Supreme Judicial Court of Maine.

Argued June 14, 1985.

Decided Aug. 7, 1985.

Murray, Plumb & Murray, John C. Bannon (orally), Portland, Thomas C. Newman, John C. Lightbody, Markos & Roy, Peter R. Roy, Ellsworth, for plaintiff.

Brown, Tibbetts, Churchill & Lacasse, Daniel L. Lacasse (orally), Calais, Robert E. Tibbetts, Vafiades, Brountas & Kominsky, Lewis Vafiades, Bangor, for defendant.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

Harry J. Smith appeals from an order of the Superior Court, Washington County, denying without a hearing his motions for an evidentiary hearing, for in camera proceedings, and for relief from judgment pursuant to M.R.Civ.P. 60(b). We affirm the judgment.

I.

Smith is the sole proprietor of Eastern Surplus Company, a hauling, salvage, and scrap business located in Meddybemps. On February 18, 1981, one of his employees was driving an Eastern tractor-trailer south on Route 1 in Perry when it collided with a car driven by Freeman L. Kennard. Smith claimed that Kennard made a left turn from the northbound lane of Route 1,

driving his car into the path of the truck, which could not avoid hitting it. Kennard maintained that he had driven his car completely into the parking lot of a Farmer's Union Store when Smith's truck veered off Route 1 and into Kennard's car.

Smith filed a complaint in Superior Court seeking recovery for damages to his tractor-trailer caused by the collision. In his answer, Kennard asserted a counterclaim, alleging that the negligence of Smith's employee caused the accident and seeking recovery for personal injuries and property damage.

After trial in May of 1983, the Superior Court entered judgment for Kennard on both the complaint and the counterclaim. On Smith's appeal to this court on the sole issue of damages, we affirmed the Superior Court judgment. *Smith v. Kennard*, 472 A.2d 434 (Me.1984). In April of 1984, Kennard obtained a writ of execution of judgment.

Smith retained new counsel, who in May of 1984 filed a timely motion for relief from judgment pursuant to M.R.Civ.P. 60(b).[1] No supporting memorandum of law accompanied the motion as required by M.R. Civ.P. 7(b)(3). The grounds for the motion included the assertion that Kennard had committed a fraud on the court and that, upon information and belief, there may have been new evidence that due diligence would not have revealed in time for a new trial motion.[2]

Smith also filed a motion requesting a stay of enforcement of the judgment until after hearing and determination of the Rule 60(b) motion. Both motions were scheduled to be heard July 5, 1984, but because Smith required additional time to investigate grounds for the Rule 60(b) motion, only the motion for stay was heard that day. Based on the allegation of the perjured testimony of Kennard and two witnesses who testified on his behalf at trial, the court granted Smith's motion for a two month stay.

On July 18, the court ordered Smith to file affidavits and memoranda outlining the facts and law in support of the Rule 60(b) motion on or before July 31. The order stated the court would determine whether to rule on the pleadings or to hold a testimonial hearing after Kennard had filed his responsive documents.

In August, Smith filed a memorandum, affidavits, and a motion for an evidentiary hearing. Kennard filed responsive affidavits and a memorandum opposing the Rule 60(b) motion. Later in August, Smith filed a motion requesting that the proceedings on his motion for relief from judgment be in camera because there were witnesses to the accident who, fearing reprisal, were unwilling to testify unless their identities were concealed from Kennard. Based on its review of the file, including the affidavits and trial transcript, the Superior Court entered an order on October 18, 1984, denying Smith's motions and vacating the stay of enforcement of judgment. Smith appeals from that order.

## II.

Smith argues that an evidentiary hearing was imperative in view of evidence indicating that Kennard and his witnesses had perjured themselves at trial. Stating that the evidence presented in his affidavits was

---

1. The rule provides in part:

   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party ... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) nor more than one year after the judgment, order, or proceeding was entered or taken.

   M.R.Civ.P. 60(b).

2. The motion's third basis, the surprise and excusable neglect of trial counsel on the issue of liability, is not raised by this appeal.

not represented to be all the evidence he intended to introduce in support of his Rule 60(b) motion, Smith contends that the court abused its discretion by denying an evidentiary hearing. Smith recognizes that Rule 43(e) vests the court with discretion to consider a motion on affidavits, but argues that the court should not do so where the record reveals a genuine issue concerning facts material to the decision.[3]

Smith filed his affidavits in support of his motion for relief from judgment more than a year after entry of the judgment. Although the court accepted affidavits after its July 31 deadline, and did not rule on the motions until October, Smith raised only the bare allegation of fraud with no substantiating evidence. Smith claimed that he had evidence that Kennard's corroborating witnesses were not present at the scene of the accident, but that allegation was supported only by the statements of two affiants that they had not seen a car in the position from which Kennard's witnesses testified they had observed the collision.

■ Other allegations in Smith's affidavits merely presented the affiants' additional recollections of the events surrounding the collision contradictory to Kennard's prevailing version of the accident. Smith's motion raised only factual issues already determined by the court.[4] The court therefore properly concluded that Smith's motion was merely an attempt to relitigate the case and failed to establish either fraud or fraud on the court. *See* 11 Wright & Miller, *Federal Practice and Procedure* § 2860 at 189–90 (1973).

Because we hold that the court acted within its discretion in ruling on Smith's motion for relief from judgment without holding an evidentiary hearing, we need not consider whether the court improperly denied in camera proceedings.

### III.

Smith also contends that the Superior Court erred as a matter of law in denying his Rule 60(b) motion on its merits. Accepting that the trial justice had to choose one of two versions of the accident presented at trial, Smith points out that because six aspects of Kennard's version were contradicted by Smith's affiants, the judgment was placed in serious doubt.

■ We reject Smith's contention that the denial of his motion worked substantial injustice. We recognize the balance the trial court must strike between the policy favoring hearing a movant's claim for relief and the objective of achieving finality in litigation. *See* 11 Wright & Miller § 2857 at 159. Nonetheless, Smith has not convinced us he was deprived of his day in court with no fault or neglect on his part. Our examination of the record discloses that the trial court properly found that with due diligence Smith could have produced at trial the witnesses and evidence with which he now attacks the judgment.

A Rule 60(b) motion is addressed to the sound discretion of the trial court. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 60.1 at 71 (2d ed. 1970). Reviewing the disposition of Smith's motion for abuse of that discretion, we hold the Superior Court was within its discretion in denying relief from judgment. Smith failed to demon-

---

**3.** Rule 43(e) provides:

> **(e) Evidence on Motions.** When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.

M.R.Civ.P. 43(e). Rule 43(e) is permissive rather than mandatory, and motions are usually decided on the papers rather than after oral

testimony. 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2416 at 378 (1971).

**4.** We note that the affidavit of the state police officer who investigated the accident contained an allegation of Kennard's intoxication at the time. Although this witness was not produced or the issue addressed at trial, it was roundly contradicted by Kennard's affidavits of the emergency medical technician and physician's assistant who attended Kennard following the accident.

strate by competent evidence the grounds for his Rule 60(b) motion. *See Willette v. Umhoeffer,* 245 A.2d 540, 542 (Me.1968).

## IV.

 Finally, Smith contends that the Superior Court's denial, without a hearing, of his motions for an evidentiary hearing, for relief from judgment, and for in camera proceedings constitute an abuse of discretion. Smith protests that although the court indicated in the July 18 order that it might decide the Rule 60(b) motion based on affidavits and memoranda without taking testimony, the court never intimated it might rule on the motion without holding any hearing. Smith therefore maintains that he was clearly prejudiced by the court's October 18 order denying his motions on the basis of inferences drawn without giving him an opportunity for oral rebuttal. We disagree.

Smith cites *Spickler v. Carzis* for the proposition that a court must clearly inform counsel if it intends to decide a motion without holding a hearing. *See* 349 A.2d 173, 174–75 (Me.1975). In that case, we reviewed a motion for summary judgment granted without a hearing. As we observed in *Spickler,* however, Rule 56(c) plainly contemplates a hearing before disposition. *Id.* The same cannot be said of the motions in this case.

 By its July 18 order, the court required Smith to file affidavits and memoranda outlining the facts and law support-ing his motion, clearly stating it would determine whether to rule on the pleadings after the parties filed their written statements. *See* M.R.Civ.P. 78 (court may provide for submission and determination of motions upon written statements without hearing). It is within the discretion of the court to dispense with hearings on motions. *United States Fidelity & Guaranty Co. v. Lawrenson,* 334 F.2d 464, 467 (4th Cir.) *cert. denied,* 379 U.S. 869, 85 S.Ct. 141, 13 L.Ed.2d 71 (1964). The court did not abuse its discretion in denying a hearing when the parties had the opportunity, of which they both took full advantage, to brief the issues and their arguments. *See Brown v. State, Department of Manpower Affairs,* 426 A.2d 880, 887 (Me.1981). Furthermore, because the affidavits demonstrated the motions clearly lacked substance and merely attempted to raise frivolous contentions, the court properly proceeded without a hearing. *See United States Fidelity & Guaranty Co. v. Lawrenson,* 334 F.2d at 467; 11 Wright & Miller § 2865 at 227.

The entry is: Judgment affirmed.

All concurring.