Frederick L. FARRELL

v.

Robert W. THERIAULT, et al.

Supreme Judicial Court of Maine.

Argued June 6, 1983.

Decided Aug. 15, 1983.

Thompson, Willard & McNaboe by Nicholas Bull (orally), Portland, for plaintiff.

Grover G. Alexander (orally), Gray, for defendants.

Before McKUSICK, C.J., GODFREY, NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

DUFRESNE, Active Retired Justice.

A complaint for foreclosure of a real estate mortgage and sale of the subject property was filed by Frederick L. Farrell, the plaintiff, against the defendants, Robert W. and Joan E. Theriault, husband and wife, in Superior Court, Cumberland County, on June 4, 1982, pursuant to 14 M.R.S.A. §§ 6321, et seq. From the summary judgment in favor of the plaintiff, the defendants appeal to this Court. We affirm the Superior Court judgment.

The plaintiff's complaint, the motion for summary judgment, the accompanying affidavit and exhibits, establish the following facts. On November 20, 1980, the defendants executed and delivered a promissory note in the amount of $20,500.00 to the plaintiff and his wife, as well as a mortgage of real estate situated in the Town of Gray to secure the note. The mortgage provided, among other things, that the defendants-mortgagors shall not commit any breach of any covenant contained therein, and among the reference covenants they undertook to pay all taxes and assessments on the granted premises, to whomsoever laid or assessed. The promissory note contained the specific clause: if "the undersigned shall default . . . . . in the terms of a certain real estate mortgage given to secure this obligation, then the holder hereof may declare that the entire outstanding principal balance and all interest accrued thereon shall become immediately due and payable." The defendants had not paid the 1981 taxes to the Town of Gray in the amount of $364.72, and, by reason thereof, a tax lien claim against the mortgaged property had been recorded in the Cumberland County Registry of Deeds on May 14, 1982. By letter dated May 17, 1982, and served on May 21, 1982, on the respective defendants, the plaintiff, as the sole holder and owner of the defendants' note and mortgage by mesne assignments thereof, notified them that he was declaring the entire outstanding principal balance under the note and mortgage to be due and payable, payment to be made on or before 5:00 p.m. on May

27, 1982. The defendants' failure to comply with the request for payment of the note in full led to the plaintiff's present action on June 4, 1982.

The defendants in their answer filed on June 16, 1982, merely denied generally the allegations of the plaintiff's complaint pursuant to Rule 8(b), M.R.Civ.P. Farrell then filed his motion for summary judgment on August 9, 1982, with affidavit and exhibits supporting all the allegations of his complaint pursuant to Rule 56, M.R.Civ.P. The plaintiff's motion for summary judgment was originally scheduled to be heard on September 24, 1982, but was later rescheduled for Wednesday, at 9:00 a.m., November 3, 1982. The notice of rescheduling carried the following pertinent information:

... All counsel will be present and prepared to proceed with such matters at the stated times.

\* \* \* \* \* \*

Legal memoranda concerning such motions will be filed with the Clerk of Courts and exchanged with opposing counsel at least four days prior to hearing.

Motions for continuance ... will be filed in writing on or before November 1, 1982 with appropriate notice given to opposing counsel.

On November 3, 1982, an associate of defense counsel appeared before the presiding justice and presented to the trial court for the first time defense counsel's motion for continuance of the hearing on the motion for summary judgment. This motion was supported by affidavit that he, defense counsel, had commenced a jury trial in York County, that the case of *Farrell v. Theriault* is a substantial matter and that justice requires the hearing on the motion be continued to permit counsel for the defendant to be present. Counsel for the plaintiff objected to the continuance, pointing out that

no opposing affidavit had been served on the plaintiff prior to the hearing date, nor had the defendants complied with the schedule notice requiring the filing of a legal memorandum at least four days prior to hearing; furthermore, trial counsel's motion for continuance was filed after November 1, 1982, the last date for making such a motion under the terms of the schedule notice. Associate counsel confirmed at the hearing that he was not prepared to proceed with the matter, which was contrary to the court directive given in the listing of the hearing schedule.

The record indicates that the civil jury trial list for York County for November 1 and November 3, 1982 was mailed to attorneys on October 12, 1982, and that 5 cases were scheduled for Monday, November 1st and 5 cases for Wednesday, November 3rd, trial counsel's York County case being listed for Wednesday, the 9th case of the 10 first cases on the list. The trial justice denied the motion for continuance and granted the motion for summary judgment. In this, there was no error.

*Denial of Motion for Continuance*

A motion for continuance should be filed promptly after the need for a continuance arises.[1] *See* Harvey, McGuire and Wroth, *Maine Civil Practice,* § 40.3, p. 284. The party seeking a continuance has the burden of showing sufficient grounds for granting the motion and the ruling of the presiding justice denying the motion is reviewable only for abuse of discretion. *See* 1 Field, McKusick and Wroth, *Maine Civil Practice,* § 40.3, p. 566 (2d ed. 1970); *State v. Curtis,* 295 A.2d 252, 254 (Me.1972); *State v. Simmonds,* 313 A.2d 120, 122 (Me. 1973).

In this case, defense counsel failed to include in the record on appeal a copy of his motion for a continuance and the sup-

---

1. Rule 40(b), M.R.Civ.P. provides:

A motion for continuance of an action shall be made not less than 4 days before the date set for commencement of trial in the action; but if the cause or ground of the motion is not then known, the motion may be made as soon as practicable after the cause or ground becomes known. Telephonic or other oral notice of the motion shall be promptly given to all other parties.

porting affidavit thereto. It is imperative that counsel for an appellant include in the record all matters upon which he intends to rely. *See* 2 Field, McKusick and Wroth, *Maine Civil Practice,* § 74.2, p. 198 (2d ed. 1970). Statements in the appellant's brief are not evidence of alleged facts, when such facts if part of the record below have not been incorporated in the contents of the record on appeal. As stated in *State v. Curtis, supra,* at 255, the law has long required that the party requesting a continuance make known to the presiding justice *substantial reasons* why the granting of the continuance would serve to further justice. The record does indicate that trial counsel's York County jury trial date and his hearing on the instant motion for summary judgment had been set for the same day, November 3, 1982, sufficiently in advance to permit counsel to take some action with the court to protect himself against the potential conflict. The presiding justice was presented with no facts, so far as this record is concerned, which excused the defendant from complying with the court's order that any motion for a continuance in the case be filed at the latest on November 1, 1982, nor was he given any substantial reason whereby justice would be advanced by the grant of the continuance.

Furthermore, no showing was made at the trial court level nor in this Court that the denial of the motion for continuance had any adverse prejudicial effect on the substantial rights of the appellant. Any alleged error or defect in any ruling or order by the trial court which does not affect the substantial rights of the parties must be disregarded. *See* Rule 61, M.R. Civ.P. *See also Blue Rock Industries v. Raymond International, Inc.,* 325 A.2d 66, 79 (Me.1974).

### *Grant of Motion for Summary Judgment*

The defendant cites *Spickler v. Carzis,* 349 A.2d 173 (Me.1975), in support of his claim that the presiding justice committed reversible error when he denied his motion for continuance and granted the plaintiff's motion for summary judgment. In *Spickler,* the parties, although present in court, were denied the opportunity to orally present their respective legal arguments to the court and to address the merits of the summary judgment motion. Here, the court did entertain the defendant's motion for continuance and gave the associate of the defendants' trial counsel the opportunity to address the merits of the summary judgment motion, an invitation which he declined. Thus, the case of *Spickler* is distinguishable; also, without further analysis, may we add that the case of *Concord General Mutual Insurance Co. v. Labbe,* 401 A.2d 1005 (Me.1979), the other citation relied upon by the defendant, presented a very different factual scenario from the facts of this case.

The plaintiff, as assignee-mortgagee seeking to foreclose the defendants' mortgage and proceed to a sale of the subject property to satisfy the mortgage indebtedness, could and did move for a summary judgment in his favor pursuant to Rule 56(a), M.R.Civ.P., and this he could do with or without supporting affidavit. Upon the filing and service of such a motion upon the adverse party, the rule provides (Rule 56(c)) that judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that *any* party is entitled to a judgment as a matter of law, the rule expressly permitting the rendering of summary judgment on the moving party's motion against that party in favor of the adverse party when appropriate. Here, the plaintiff had attached to his complaint, so that his pleadings did disclose the same, copies of the note and mortgage on which the suit was based and which bore the defendants' purported signatures. Copies of the mesne assignments of the note and mortgage were also attached to the original complaint. In support of his motion for summary judgment, the plaintiff filed an affidavit in which, based on his personal knowledge and from records kept in the ordinary course of

business dealing with the transactions involved, he asserts and discloses, with copies of the documents and records attached, the execution of the note and mortgage between the parties, the mesne assignments thereof, the tax lien claim of the tax collector for the Town of Gray as made and recorded, his letter served on both defendants advising them of his acceleration of their liability under the note and mortgage for breach of the mortgage covenant respecting payment of taxes on the mortgaged property, and their failure to comply with his request for payment. The defendants did not serve any opposing affidavit as the rule permits (Rule 56(c)), resting on their original answer to the complaint consisting of a general denial.

 Was it proper for the trial court under the circumstances of the case to grant the plaintiff's motion for summary judgment? We answer in the affirmative. Rule 56(e) provides in pertinent part as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith .... *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.* (Emphasis added).

Thus, if the plaintiff believed that the defendants had no defense to his complaint, notwithstanding their denial of liability under the umbrella of a general denial, and that his right to prevail was based on facts which if admitted to be true would be dispositive of the case as a matter of law, he could under Rule 56, M.R.Civ.P., prior to trial, attempt to establish the truth of those facts by motion for summary judgment supported by affidavit verifying such facts. This is a proper way to explore the existence vel non of controverted issues of fact, and when such a motion is made with proper supportive affidavit as provided under this rule, then the adverse party cannot rest on his general denial, but must respond by counter affidavit or as otherwise provided in the rule, setting forth specific facts showing that there is a genuine issue for trial. Otherwise, he subjects himself to a summary judgment against him, if appropriate. It is the underlying purpose of the summary judgment process to expose a sham claim or untenable defense by requiring a party to commit himself under oath by an affidavit in support of the allegations in his pleadings. *Bigney v. Blanchard*, 430 A.2d 839, 841 (Me.1981).

 But, here, in order to compel the defendants to file a counter-affidavit to avoid a potential adverse summary judgment, the plaintiff had to support his own motion for summary judgment by a legally sufficient affidavit pursuant to Rule 56(e), *i.e.* an affidavit made on personal knowledge which sets forth facts admissible in evidence and which shows affirmatively that the affiant is competent to testify to the matters stated therein. *See Inhabitants of North Berwick v. Maineland*, 393 A.2d 1350 (Me.1978).[2] In the instant case, the plaintiff's supportive affidavit fully qualified under the rule. It explicitly purported to be made upon personal knowledge. The facts stated in his affidavit, to wit, the execution and delivery of the note and mortgage, their assignment and reassignment, all appear to be within the plain-

**2.** We note, however, that a counteraffidavit would not have been mandatory, if the pleadings, depositions, answers to interrogatories, and admissions on file, had otherwise raised disputed issues of fact, which was not the case here. *See Atkins v. Atkins*, 376 A.2d 856, 859 n. 4 (Me.1977).

tiff's personal knowledge, and this includes the tax collector's tax lien claim as recorded, since the plaintiff would be competent to testify under oath according to the accepted common law practice that the produced copy is what appears of record in the registry of deeds. *See Steeves v. Irwin*, 233 A.2d 126, 129 (Me.1967); *Owen v. Boyle*, 15 Me. 147, 152 (1838).

■ It would appear from this record that the sufficiency of the plaintiff's affidavit in support of his motion for summary judgment was questioned for the first time in the defendants' brief to this Court, and, even then, the basis for such a challenge was not disclosed. We hold that the defendants' failure to move to strike or otherwise raise their specific objection to the affidavit at the trial level constituted a waiver of any formal defects contained in the affidavit, and the trial court could consider its contents in ruling on the summary judgment motion. *See Haskell v. Planning Board of Town of Yarmouth*, 388 A.2d 100, 101 (Me.1978); *Lacey v. Lumber Mutual Fire Insurance Co. of Boston*, 554 F.2d 1204, 1205 (1st Cir.1977); *Associated Press v. Cook*, 513 F.2d 1300, 1303 (10th Cir.1975); *Auto Drive-Away Company of Hialeah, Inc. v. I.C.C.*, 360 F.2d 446, 449 (5th Cir.1966); 6 Moore's *Federal Practice* § 56.22(1), p. 2817; 3 Barron and Holtzoff, *Federal Practice and Procedure* § 1237, p. 171.

■ In proceedings under rule 56(c), documents and exhibits identified and referred to in an affidavit may be submitted for consideration in support of a motion for summary judgment. *See First National Bank Co., Etc. v. Insurance Company*, 606 F.2d 760, 766 (7th Cir.1979); *Pollack v. City of Newark, N.J.*, 147 F.Supp. 35, 39 (D.N.J. 1956), aff'd 248 F.2d 543 (3rd Cir.1957); *Upper West Fork River Watershed v. Corps of Engineers*, 414 F.Supp. 908, 914 (N.D.W. Va.1976), aff'd 556 F.2d 576 (4th Cir.1977), cert. denied 434 U.S. 1010, 98 S.Ct. 720, 54 L.Ed.2d 752 (1978).

■ True, the copies of the reference documents attached to and served with the plaintiff's affidavit were not sworn or certified copies as required by Rule 56(e). The lack of certification, however, is the type of technical defect which is waived by a party's failure to object thereto at the trial level. *See Williams v. Evangelical Retirement Homes*, 594 F.2d 701 (8th Cir.1979). We also view the jurat's omission to recite explicitly that the affiant swore to the truth of the statements in the affidavit, as a formal defect waived by the defendants' non-action in relation thereto. The interrelationship between the introductory phraseology of the affidavit which states—I, Frederick L. Farrell, being duly sworn, depose and say as follows—, and the terminology of the jurat taken as a whole, to wit,

> Personally appeared the above-named Frederick L. Farrell, an individual, and on oath stated that the foregoing information is based upon his personal knowledge and from records which he has kept in the ordinary course of business,

fairly and reasonably indicates that the statements contained in the affidavit signed by the plaintiff were true and made under oath. *See Jagoe v. Blocksom*, 440 A.2d 1022 (Me.1982).

■ The defendants' failure to controvert the facts which the plaintiff's supportive affidavit avers constituted an admission thereof for the purpose of determining the motion for summary judgment. On the merits of the case, therefore, we hold that the Superior Court properly entered summary judgment of foreclosure in favor of the plaintiff. On the court's denial of the defendants' motion for continuance, we find no abuse of discretion.

The entry will be:

Judgment affirmed.

All concurring.