**Gary SCHULZ**

v.

**Joanne SCHULZ.**

Supreme Judicial Court of Maine.

Argued Jan. 16, 1987.

Decided Feb. 11, 1987.

Potter and Jamieson, Roderick H. Potter (orally), Saco, for plaintiff.

Kenneth A. Cuneo (orally), The Merrill Trust Co., Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Plaintiff Gary Schulz appeals from a divorce judgment. On appeal he contends that the Superior Court (Knox County) abused its discretion in refusing to grant his motion to continue the divorce hearing to permit him to secure the services of an attorney. We find that the Superior Court acted within its discretion in refusing to continue the case and we deny the appeal.

Plaintiff and defendant Joanne Schulz were married in 1951 and separated in June 1983. Plaintiff filed a complaint for divorce on December 28, 1983. Plaintiff's original counsel withdrew on May 14, 1985. A second attorney entered his appearance for the plaintiff on July 11, 1985 and represented him until the court allowed him to withdraw on December 3, 1985. At that point the trial court ordered the clerk to place the case first on the next non-jury list and ordered the plaintiff to retain another attorney immediately. The trial justice also prohibited any further continuances absent an extreme emergency.

A hearing on the divorce was scheduled for February 11, 1986 and on February 6, plaintiff filed a motion for a continuance to permit him to obtain representation. A hearing was held on the motion on February 10, and the following facts were presented: Plaintiff met with an attorney on December 31, 1985 and inquired about the cost of retaining him as counsel in his pending divorce. Plaintiff made it clear at that time that he did not wish to retain this attorney because he was attempting to settle with his wife. Plaintiff indicated that he would possibly contact the attorney at a later date if he could not work out a settlement. The attorney informed plaintiff that he was preparing for an upcoming murder trial but could meet with him on weekends. Subsequently, plaintiff met with counsel and discussed an hourly fee arrangement.

On January 22, 1986, the attorney restated in a letter to the plaintiff the agreement they had reached at that meeting, specifically noting that he required a retainer and the execution of a written fee agreement before he would represent the plaintiff. On January 24, 1986, plaintiff wrote a letter to the attorney complaining that the retainer was excessive. The two reached an oral agreement concerning payment.

On February 3, 1986, eight days before the scheduled divorce hearing, the plaintiff arrived at the attorney's office for an appointment. At that meeting the attorney reiterated that he required payment in advance. Plaintiff claimed that he forgot his checkbook and would send a check within the next few days. The check finally arrived on February 6, but it was still not in accordance with their prior agreement. The attorney returned the check to the plaintiff with a letter explaining why he could not represent him. The Superior Court denied plaintiff's motion to continue. On February 11–12, the plaintiff appeared pro se at his divorce hearing. Subsequently, the Superior Court entered a judgment of divorce dividing the marital property and providing alimony for the defendant.

On appeal, plaintiff argues that he believed that he had an agreement with his third attorney and by the time it became obvious that there was no agreement it was too late to obtain new counsel. A party seeking a continuance has the burden of showing sufficient reason to grant the motion. A ruling by the trial court denying a continuance is reviewable only for abuse of discretion. *Farrell v. Theriault,* 464 A.2d 188, 191 (Me.1983).

In this case, the Superior Court did not abuse its discretion in denying the continuance. This case had been continued on four prior occasions. Plaintiff was forewarned two months before the hearing that the trial court would not grant another continuance absent an *extreme emergency.* The court also ordered the plaintiff to retain another attorney *immediately.* In light of this notice and the history of communication between the plaintiff and counsel, it is evident that plaintiff's lack of representation was not a sudden unexpected problem. Rather plaintiff failed to heed the Superior Court's warning and diligently pursue efforts to obtain new counsel. He waited until about a month before the hearing to even begin his search for counsel. Although the attorney made it clear to plaintiff that he would not represent him absent a retainer and a written fee agreement, plaintiff failed to satisfy the terms of this representation. The predicament in which plaintiff found himself in early February was a result of his own failure to act diligently. Consequently, we find that the trial court acted within its discretion in refusing to continue this case for a fifth time. After carefully reviewing the record and briefs submitted by the parties on appeal, we also conclude that the other issues raised by plaintiff are without merit.

The entry must be:

Judgment affirmed.

All concurring.