[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
Plaintiff, Larry E. Stripling, filed a revised complaint on February 22, 1993, alleging in the fourth count of a four-count complaint that defendant, RCM Associates Limited Partnership (RCM), tortiously interfered with plaintiff's lease agreement with defendant, Structural Technology Corporation (STC).
On March 1, 1993, RCM filed a motion to strike count four of the plaintiff's complaint on the ground that plaintiff failed to state a claim upon which relief can be granted. As required by Practice Book § 155, RCM filed a memorandum in support of its motion to strike.
On March 22, 1993, the plaintiff filed a "motion" for leave to amend the February 22, 1993 revised complaint, deleting the entire fourth count as it existed and CT Page 6317 substituting a new fourth count. The plaintiff simultaneously filed a motion for an extension of time for filing a memorandum in opposition to the motion to strike and an objection to defendant's motion to strike.
On April 2, 1993 RCM filed an objection to plaintiff's motion for an extension of time. On April 23, 1993, RCM filed a supplemental memorandum of law in support of its motion to strike which RCM addressed to plaintiff's revised amended complaint of March 22, 1993. The plaintiff filed a memorandum of law in support of plaintiff's objection to RCM's motion to strike on April 26, 1993.
Plaintiff alleges, in its revised amended complaint, that a lease agreement between Anthony J. Sylvester and STC was assigned to plaintiff on June 22, 1989, wherein the plaintiff became lessor of units at the Gold Star Office Park located in Groton, Connecticut with STC remaining as tenant.
Plaintiff alleges that at some time during August, 1991, STC vacated the Gold Star premises without prior notice to the plaintiff, and entered into a lease agreement with RCM of certain premises at 15 Liberty Way, Rocky Neck Corporate Park in East Lyme, Connecticut. Since vacating the Gold Star premises STC has allegedly refused to pay the base rent due under the lease with plaintiff in addition to property taxes and condominium fees. It is alleged that the lease agreement between RCM and STC was entered into on June 19, 1991.
Plaintiff alleges that RCM knew or should have known that STC was already obligated to plaintiff on the lease at Gold Star Park. Plaintiff further alleges that on June 27, 1991 the premises at Rocky Neck Corporate Park were quitclaimed and conveyed to RCM by defendant, Fleet National Bank (Fleet). The conveyance was allegedly financed by a purchase money loan secured by a mortgage deed from RCM to Fleet with an additional collateral assignment of all leases and rentals flowing to RCM from the lease agreement with STC.
Plaintiff alleges that RCM made material misrepresentations to Fleet regarding STC's obligations on STC's pre-existing lease with the plaintiff and, had Fleet known the status of STC's pre-existing lease with plaintiff, Fleet would not have sold the premises at 15 Liberty Way to CT Page 6318 RCM with the pre-packaged lease to STC.
The plaintiff alleges that RCM tortiously interfered with the contract rights of the plaintiff with STC in that RCM made material misrepresentations to Fleet which induced Fleet to provide RCM with purchase money financing for the premises at 15 Liberty Way, which in turn depended on the pre-packaged lease between RCM and STC, and that such actions resulted in STC defaulting on its lease with the plaintiff.
DISCUSSION
A pleading "shall contain a plain and concise statement of the material facts on which the pleader relies." Practice Book § 108. The motion to strike challenges the legal sufficiency of a pleading. Practice Book § 152. In determining the sufficiency of the pleading, "[t]he trial court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 283,449 A.2d 986 (1982). The court "must construe the complaint in a manner most favorable to the plaintiff." Mozzochi v.Beck, 204 Conn. 490, 491, 529 A.2d 171 (1987).
A motion to strike "admits all facts well pleaded; however, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleading." Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). Where the complaint alleges conclusions of law and is absent sufficient alleged facts to support them [it is] subject to a motion to strike. Cavallo v. Derby, supra, 285.
A motion to strike is fatally defective where it does not specify the grounds of insufficiency; Morris v.Hartford Courant Co., 200 Conn. 676, 683, n. 5, 513 A.2d 66
(1986); notwithstanding the defendant's inclusion of such reasons in its supporting memorandum. Bouchard v. PeoplesBank, 219 Conn. 486, 468, n. 4, 594 A.2d 1 (1991). However, because the specificity requirement of Practice Book § 154 is nonjurisdictional, the court may consider such a defective motion when the plaintiff fails to object to the [motion's] form. Id. Although the defendants' motion to strike in the present case fails to specify the grounds of insufficiency in the motion itself, the court may nevertheless consider the merits of the motion since the plaintiff has failed to object CT Page 6319 to the form of the motion.
The defendant argues in its supplemental memorandum in support of the motion to strike that plaintiff has failed to "plead any fraud, improper motive or malicious conduct on behalf of RCM to make [its conduct] actionable." RCM further argues that there are "no allegations that RCM made fraudulent representations to STC or fraudulently induced it to move."
The plaintiff alleges, at paragraph 24 of the amended revised complaint, that "RCM responded to a direct inquiry from a [Fleet] officer as to whether [STC] had satisfied its obligations on certain pre-existing leases by answering in the affirmative, when RCM knew or should have known that such was not the case." The plaintiff then alleges, at paragraph 25, that "had [Fleet] known the true status of RCM's (sic)[1] obligations on its pre-existing lease to plaintiff, it would not have sold 15 Liberty Way to RCM with a pre-packaged long term lease to STC such as that which was entered into."
Paragraph 25 is purely opinion and, therefore, cannot be taken as true in deciding the defendants' motion to strike. See Mingachos v. CNB, Inc., supra.
Additionally, plaintiff alleges, at paragraph 26, that RCM "made material and substantial misrepresentations which induced [Fleet] to provide RCM with purchase money financing of 15 Liberty Way, which in turn depended on the pre-existing lease between RCM and [STC]." The plaintiff is essentially claiming that by lying to Fleet regarding STC's obligations on the lease to plaintiff (paragraph 24), RCM induced Fleet to make available purchase money financing to RCM which somehow prompted STC to break the lease with plaintiff.
Paragraph 26 contains opinion and, therefore, cannot be taken as true. See Mingachos v. CBS, Inc., supra. Secondly, paragraph 26 fails to allege the necessary element of interference needed to support the cause of action.
"[The] court has long recognized a cause of action for tortious interference with contract rights or other business relations." Blake v. Levy, 191 Conn. 257, 260, CT Page 6320464 A.2d 52 (1983). To prosecute such an action the plaintiff must plead and prove that: (1) a contractual or beneficial relationship existed; (2) that defendant knew of that relationship; (3) the defendant intentionally sought to interfere with it; and (4) as a result, the plaintiff suffered actual loss. See Solomon v. Aberman, 196 Conn. 359,364, 464 A.2d 193 (1985).
"Every act of interference is not however, . . . tortious. [T]he test is whether the actor's behavior is `improper'". Blake v. Levy, supra, 261 citing 4 Restatement (Second), Torts c. 37, introductory note (1979). "An action for intentional interference with business relations requires the plaintiff to plead and prove at least some improper motive or improper means." Blake v. Levy, supra, 262. "[A] claim is made out [only] when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself." Id.
Applying the framework provided by Blake v. Levy, supra, and Solomon v. Aberman, supra, the plaintiff must plead two sets of facts: that RCM interfered with plaintiff's lease with STC and that the interference was tortious or improper in some respect.
While the plaintiff has alleged sufficient facts regarding three of the four elements constituting the cause of action for tortious interference with contract rights, the plaintiff has failed to allege facts which demonstrate that RCM interfered with the lease between plaintiff and STC. Plaintiff fails to allege that RCM encouraged, induced or otherwise facilitated STC's breach of the lease with plaintiff.
It appears that plaintiff concludes interference on the part of RCM based on STC's breach of the lease. The conclusion that RCM interfered with plaintiff's lease with STC is not supported by factual allegations and is therefore subject to a motion to strike. See Mingachos v. CBS, Inc.
supra, 108; see also Cavallo v. Derby, supra, 285.
Finally, assuming the truth of the allegations and opinions contained in paragraphs 24, 25 and 26, the plaintiff has failed to allege that RCM acted with an improper motive or improper means; Blake v. Levy, supra, 262, in inducingCT Page 6321STC (emphasis added) to break its lease with the plaintiff. The improper motive or means attributed to RCM in the above paragraphs were instead directed at allegedly inducing Fleet to grant RCM purchase money financing.
Having failed to allege facts which demonstrate interference and facts which demonstrate improper means or motive, the fourth count of plaintiff's complaint fails to state a claim upon which relief can be granted and, therefore, the defendants' motion to strike is hereby granted.
Hurley, J.