STATE OF MAINE                          SUPERIOR COURT
YORK, ss.                               CIVIL ACTION
                                        DOCKET NO. CV-00-163

NEAL L. WEINSTEIN,        )
    PLAINTIFF             )
                         )
                         )              PLAINTIFF'S MOTION FOR SUMMARY
        v.               )              JUDGMENT AND INCORPORATED
                         )              MEMORANDUM OF LAW
CHARLES BONNEY,          )
    DEFENDANT            )

## I. INTRODUCTION

Pursuant to Rule 56(c) of the Maine Rules of Civil Procedure Plaintiff Neal
L. Weinstein, by and through the undersigned counsel, moves this Court
to enter summary judgment for him and against Defendant Charles
Bonney on the Complaint Neal L. Weinstein filed with this Court on or
about June 7, 2000[1].

## II. UNDISPUTED FACTS[2]

Neal L. Weinstein is an individual residing in the Town of Old
Orchard Beach, County of York and State of Maine. (See Complaint ¶1.)
Charles Bonney is an individual who is incarcerated at the Windham
Correctional Facility and has a mailing address of ADSEG B-North
Maine Correctional Center, P.O. Box 250, Town of So. Windham, County
of Cumberland and State of Maine, 04082-0250.

Neal Weinstein, the owner of a hotel known as the Bernard House
in the Town of Old Orchard Beach, County of York and State of Maine,
hired Charles Bonney to make any repairs that were needed, and assist
in managing some affairs at the Bernard House. (See Affidavit ¶3)[3] On or
about August 13th and 14th, 1993, Charles Bonney allowed a female

---

[1] A true and correct copy of the Complaint is attached hereto as Exhibit 1.
[2] As required by Rule 7(d)(1) of the M.R.Civ.P., Plaintiff has attached Plaintiff's Statement
of Material Facts as Exhibit 2.
[3] Neal Weinstein's affidavit is attached as Exhibit 3.

1

named Patricia Costos to occupy one of the Hotel rooms without compensation. (See Affidavit ¶4) Charles Bonney had sexual relations and sexual contact with the said Patricia Costos, which Costos claimed was nonconsensual. (See Complaint ¶6) Shortly thereafter Patricia Costos accused Charles Bonney of raping her at the Bernard House on those dates and filed a lawsuit against Neal Weinstein in the United States District Court located in Portland, County of Cumberland, and State of Maine, Docket No. 96-CV-254-PC, as owner of the Bernard House and Coconut Island, Inc., a corporation doing business in Maine, alleging liability on the part of Charles Bonney, an employee and agent to the Defendants. (See Affidavit ¶5,6) Charles Bonney was charged with the crime of unlawful sexual contact, and then fled the State to avoid prosecution. Charles Bonney was later indicted by the York County Grand Jury. (See Affidavit ¶7,8). Judgment was rendered against Neal L. Weinstein and Coconut Island Inc. on August 15, 1997 in the amount of $50,000 plus interest and costs. (See Complaint ¶9) Charles Bonney was arrested in Puerto Rico in May of 2000 while living and working under a false name and false social security number. (See Complaint ¶10) He was extradited to the State of Maine and on December 13, 2000 he plead guilty to the charge of Gross Sexual Assault[4]. He has been incarcerated at the Windham Correctional Facility since that time. Neal L. Weinstein, pro se representation, served interrogatories[5] to Charles Bonney, and on or about March 19th received his responses. (See Defendant's Response to Interrogatories) Interrogatory No. 3 asked Charles Bonney to "state whether you, or any alleged agent or representative of yours, has made any admission of fault or liability with respect to the occurrence which is the subject of this lawsuit, whether in this lawsuit or any other lawsuit... Charles Bonney responded, "I have

---

[4] A true and correct copy of the Court's Judgment and Commitment is attached hereto as Exhibit 4.

never made any admission of fault or liability, regarding the occurrence which is the subject of this lawsuit, to the Plaintiff or his associates directly at any time". Clearly the plea in the York County Superior Court is sufficient evidence that Charles Bonney did commit the charge he was accused of and that Neal L. Weinstein was found vicariously liable of, as a result of Bonney's employment.

## III. STANDARDS GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Rule 56(c) of the Maine Rules of Civil Procedure provides, in relevant part, that:

Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by Rule 7(d) show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to judgment as a matter of law.

M.R.Civ.P.56(c). The underlying purpose of a summary judgment is "to expose a sham claim or untenable defense by requiring a party to commit himself under oath by an affidavit in support of the allegations in his pleading." *Farrell v. Theriault,* 464 A.2d 188, 193 (Me. 1983). Rule 56(c) is "intended to permit the *prompt disposition* of cases in which the dispute is solely dependent on an issue of law." *Cook v. Lisbon School Committee,* 682 A.2d 672, 675 (Me. 1996) (emphasis in original)(citation and internal quotations omitted).

When a motion for summary judgment is made with proper supporting affidavits or other documents, "the adverse party cannot rest on his general denial, but must respond by counter affidavit or as otherwise provided in the rule, setting forth specific facts showing that

---

[5] A true and correct copy of Defendant's Responses to Interrogatories is attached hereto as Exhibit 5.

3

there is a genuine issue for trial." *Farrell,* 464 A.2d at 193. Otherwise, summary judgment "shall be rendered forthwith." M.R.Civ.P.56(c).

There is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Bouchard v. American Orthodontics,* 661 A.2d 1143, 1144-45 (Me. 1995) (citation and internal quotation marks omitted). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 1145 (citation and internal quotation marks omitted). To be a genuine issue of material fact within the meaning of Rule 56(c), "a defense must have some tenable basis." *City of Portland v. Gemini Concerts, Inc.,* 481 A.2d 180, 183 (Me. 1984); see also *Tondreau v. Sherwin-Williams Co.,* 638 A.2d 728, 730 (Me. 1994) (summary judgment is appropriate when parties differ only with respect to proper legal conclusions to be drawn from given set of undisputed facts).

## IV. ARGUMENT

**Summary Judgment must be entered for Neal L. Weinstein and against Charles Bonney because there is no genuine issue of material fact regarding whether Charles Bonney was guilty of the crime he committed on Patrica Costas, and therefore liable for damages awarded to her against Neal Weinstein.**

Pursuant to his complaint, the Plaintiff seeks entry of a money judgment in his favor against Charles Bonney, in an amount to compensate the Plaintiff for damages paid to Costos, as well as costs and expenses to defend the civil suit brought by Costos against the Plaintiff herein, as a result of the Defendant Bonney's sole and exclusive criminal conduct against Costos.[6] A copy of the Complaint and Judgment rendered against Neal Weinstein in Federal Court is attached hereto. Mr. Bonney committed the criminal acts against a guest of the premises

4

owned by the Plaintiff, failed to appear and defend his actions in Federal and State Court, and used his employment with Plaintiff to assist him in committing the criminal conduct, unbeknownst to the Plaintiff. There is no disputable fact that would preclude summary because Judgment was entered against Charles Bonney in the York County Superior Court for the charge of gross sexual assault on Patricia Costos.

## V. CONCLUSION

Wherefore, Neal L. Weinstein, requests this Honorable Court enter summary judgment against Defendant Charles Bonney in the Principal amount of $50,000 together with interest, reasonable attorney's fees, collection costs, and such other further relief as the Court deems just and appropriate, including costs and expenses incurred by the Plaintiff to defend himself in Federal Court arising out of the civil suit instituted by Costos against the Plaintiff herein, for the sole and exclusive criminal conduct by the Defendant herein. If any issue remains, it may only be the amount of the recovery to be had against the Defendant, but not the actual issue of liability of the Defendant.

Dated this 20th day of August, 2001.

Neal L. Weinstein, Esq.
Bar No. 2230

Law Offices of Neal Weinstein
32 Saco Avenue, P.O. Box 660
Old Orchard Beach, ME 04064-0660
(207)934-2173

---

[6] A true copy of the Complaint and Judgment rendered against Neal Weinstein in Federal Court is attached hereto as Exhibit 6.

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by U.S. Mail pursuant to M.R.C.P.

Neal L. Weinstein, Esq.

## NOTICE

Pursuant to Rule 7(b)(1) of the Maine Rules of Civil Procedure, opposition to this motion, in accordance with Rule 7(c), must be filed not later than 21 days after the filing of this motion unless another time is provided by these Rules or set by the Court. Failure to file timely opposition will be deemed a waiver of all objections to the motion, which may be granted without further notice or hearing.

11/9/01 - Motion for summary Judgement Denied without prejudice. The P's Statement of Material Facts do not contain explicit references to the record on summary Judgement is required by Rule 56 (h)(2)&(4) — the absence of explicit record references in the Statement of Material) therefore is "fatal" to a motion for summary Judgement. Levine v. R.B.K. Caly Corp, 2001 me 77 (¶5 (5/9/01). There is no point in establishing liability on a faulty motion and proceeding to a damage hearing when the determination of liability is vulnerable to appeal)

N. L. Weinstein, Esq. - PL
Charles Bonney - DEF (pro se)    6