STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-06-319
$\mathcal{D} H M - KEN - 9/19/2007$

STATE OF MAINE,

      Plaintiff,

v.

RODMAN E. THOMPSON,

      Defendant

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

JAN 24 2008

On November 15, 2006, the State Tax Assessor pursuant to 36 M.R.S.A. § 174(1) issued a Certificate of State Tax stating that defendant owed $159,190.10 in unpaid taxes for the tax years 1996-1999. On December 15, 2006 the State of Maine filed a complaint for collection of those unpaid taxes, interest and penalties. The State has filed for summary judgment, defendant answered and filed a motion to dismiss for lack of subject matter jurisdiction.

The thrust of the defendant's argument is that he was not accorded proper notice required by 36 M.R.S.A. § 111(2), and even if he was, he was not accorded his constitutional due process rights because 36 M.R.S.A. § 111(2) is unconstitutional. He thus argues that the decision of the Tax Assessor should be vacated and this case should be remanded for further fact-finding with an eye particularly to the Tax Assessor's determination of whether defendant was a "resident individual" for purposes of 36 M.R.S.A. § 5111.

As a preliminary matter, this court notes if proper notice was accorded, defendant may not collaterally attack the valid and final assessment of his resident status as he failed to seek timely reconsideration of assessments for any of the tax years.

36 M.R.S.A. 174(1) provides the authority for the State to enforce assessments, in those actions "the certificate of the assessor…is prima facie evidence of the levy of the tax, of the delinquency and of the compliance by the assessor with this Title in relation to the assessment of the tax." The Law Court has "extended the principle of res judicata effect of final judgments to adjudicative decision of administrative bodies…" *Standish Tel. Co. v. Saco River Tel. & Tel. Co.*, 555 A.2d 478, 481 (Me. 1989). Thus the agency's final judgment with regards to defendant's resident status has "res judicata effect." *See Quirion v. Public Utilities Commission*, 684 A.2d 1294, 1296 (Me. 1996).[1] As noted in another tax case, "[t]he rule is grounded on principles of judicial economy, the stability of final administrative rulings, and fairness to litigants." *Maine Central R.R. Co. v. Town of Dexter*, 588 A.2d 289, 292 (Me. 1991). Thus, if notice was proper defendant is collaterally estopped from raising the issue of his resident status in front of this court.

The "notice" requirements are outlined in 36 M.R.S.A. § 111(2):

> "Notice" means notification served personally or mailed by certified or registered mail or by any courier service providing evidence of delivery to the last known address of the person for whom the notification is intended.

> If the State Tax Assessor attempts to give notice by certified or registered mail or by courier and the mailing is returned with the notation, "unclaimed" or "refused" or a similar notation, the assessor may then give notice, for purposes of this Title, by sending the notification by first-class mail to the person for whom the notification is intended at the address used on the returned certified or registered mail. Notice given in this manner is deemed to be received 3 days after the first-class mailing, excluding Sundays and legal holidays…

---

[1] In *Quirion*, Quirion was collaterally attacking the PUC's denial of a motion to dismiss based on lack of jurisdiction because he was not a "water utility." The Court determined that the time to appeal PUC's jurisdiction had "long since passed," based largely on Quirion's failure to appeal PUC's decision. Absent "manifest abuse of authority, substantial infringement of the authority of another tribunal, or a need to entertain a belated challenge as a matter of procedural fairness…PUC's ruling was clearly within its statutorily granted powers, [was] final and valid, and [could not then] be challenged." *Id.* at 1295-1296. Of course, if defendant was not afforded due process it would not be appropriate to prevent him from raising issues of resident status in the appropriate venue, on a rehearing in front of the assessor.

For the tax years of 1996 and 1997, the Assessor prepared and sent a notice and demand for filing returns by certified mail to defendant's last known address on or about July 1, 2001 signed for on or about July 24, 2001. The Assessor then issued an estimated assessment for those tax years on January 27, 2002, which was sent and returned "unclaimed. The Assessor then re-mailed the notice via first-class mail on or about February 27, 2002. The Assessor then issued a notice and demand for payment of the tax, interest and penalties within 10 days delivered to defendant's last known address on or about April 17, 2002. For the tax years of 1998 and 1999, the Assessor prepared and sent notice and demand for filing by certified mail to defendant's last known address on November 11, 2002, signed for on or about November 22, 2002. The Assessor then issued an estimated assessment on January 12, 2003 delivered to defendant's last known address on January 15, 2003. The Assessor then issued a notice and demand for payment within 10 days delivered to defendant's last known address on March 20, 2003. For the most part, defendant does not dispute that the Assessor took the preceding steps, rather he argues he did not receive the notice and/or the notice was signed-for by other people. It appears from the supporting affidavits and exhibits thereto that the Assessor complied with the notice requirements of 36 M.R.S.A. § 111(2), that do not require "actual" receipt or subsequent sending upon receipt of certified letter unless marked "unclaimed", "refused" or something similar.

Defendant argues alternatively that the notice requirements of 36 M.R.S.A. § 111(2) are constitutionally deficient in providing procedural due process in the instant case. He argues that when notices were returned signed by people other than defendant, they should have followed up through other means such as sending another letter via first-class mail or by telephoning the defendant. The due process clause does

indeed require that one be notified in order to have the right to be heard as noted by the U.S. Supreme Court:

> [T]he Due Process Clause does prescribe a constitutional minimum: An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is *notice reasonably calculated, under all circumstances to apprise interested parties of the pendency of the action* and afford them an opportunity to present their objections.

*Greene v. Lindsey*, 456 U.S. 444, 449-450 (1982) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

In *Greene*, "where the subject matter of the action also happens to be the mailing address of the defendant, and where personal service is ineffectual, notice by mail may reasonably be relied upon to provide interested persons with actual notice of judicial proceedings." *Id.* at 455. Defendant, to his credit notes *Greene*, but argues his circumstances are more factually analogous to *Jones v. Flowers*, 547 U.S. 220, 126 S.Ct. 1708 (2006). Defendant's reliance on *Flowers* is incorrect. The Court narrowly applied its opinion to notice of a tax sale of an individual's real property[2] where a certified mailing is returned unclaimed.[3] Assuming away one distinction (that *Flowers* concerns notice of a tax sale of real property) a fair reading of *Flowers* imposes a duty upon the assessor to take additional reasonable steps to inform a taxpayer when a certified letter

---

[2] The Court granted certiorari to resolve "whether, when notice of a *tax sale* is mailed to the owner and *returned undelivered*, the government must take additional reasonable steps before taking an *owner's property.*" *Id.* at 1712 (emphasis added). The court noted that "notice required will vary with circumstances and conditions." *Id.* at 1714 (quoting *Walker v. City of Hutchinson*, 352 U.S. 112, 115 (1956)). Considering the individual circumstances and conditions of the case, the Court held that "when mailed notice of a tax sale is returned unclaimed, the state must take additional reasonable steps to attempt to provide notice to the property owner before selling his property" influenced no doubt by its later assertion that "due process requires the government to do something more before *real property* may be sold in a tax sale." *Id.* (citing voluminous State Supreme and Federal Circuit Court case law). "In this case, we evaluate the adequacy of notice prior to the State extinguishing a property owner's interest in a home." *Id.* at 1715. The need for additional notice is "especially true when, as here, the subject matter of the letter concerns such an important and irreversible prospect as the loss of a house." *Id.* at 1716.

[3] "*Nobody* was home to sign for the letter, and *nobody* appeared at the post office to retrieve the letter within the next 15 days. The post office returned the unopened packet to the Commissioner marked 'unclaimed.'" *Id.* The Commissioner again mailed a certified letter, "[l]ike the first letter, the second was also returned to the Commissioner marked 'unclaimed.'" *Id.* at 1713.

is returned unclaimed. The Court analogized inaction in this circumstance to watching "as the departing postman accidentally dropped the letters down a storm drain," failure to follow up in that instance would be unreasonable. *Id.* at 1716. This begs the question what would be reasonable, the Court answers this question: "By the same token, when a letter is returned by the post office, the sender will ordinarily attempt to re-send it, if it is practicable to do so." *Id.* Further, the Court suggested a reasonable additional step would be to "resend notice by regular mail so that a signature is not required." *Id.* 36 M.R.S.A. § 111(2) requires just that. When Assessor received a return notice marked "unclaimed" he did just that.[4]

In other instances when defendant did not sign for the letter himself, others did. While defendant claims that these people were not his agents and that he never *actually* received these notices, failing to follow up when an individual at the last known address has signed for a certified letter is clearly not analogous to passively watching as the letters fall down the storm drain. The purpose of certified mail is to obtain a signature so as to insure that the letter has not been delivered incorrectly and will actually end up in the hands of its intended recipient. The Court in *Flowers* observed that the sending of a certified letter is "reasonably calculated" to reach its intended recipient. *Id.* More was required when the Commissioner found out that the letter was unclaimed, because with that Commissioner had affirmative information that the letter *had not* reached its intended recipient. *Id.* To extend the Court's storm-drain analogy in

---

[4] While the defendant contends that he did not receive this and other letters, he does not expressly argue that plaintiff did not send them. Regardless, creating a genuine issue of material fact in this circumstance would require more than simply making the assertion that "plaintiff did not send them" provided plaintiff's exhibits to the *Young affidavit. See Farrell v. Theriault*, 464 A.2d 188, 193 (Me. 1983) (when in a motion for summary judgment the moving party has provided supporting affidavit "the adverse party cannot rest on his general denial, but must respond by counter affidavit or as otherwise provided in the rule, setting forth specific facts showing that there is a genuine issue for trial.") Since, due process does not require actual receipt, there is no genuine issue of material fact regarding whether plaintiff sent the notice. *Flowers*, 126 S. Ct. at 1713. The question of sufficiency of the notice (both statutorily and constitutionally) are questions of law.

*Flowers*, requiring the Assessor to follow up when it receives evidence that an individual at the last known address has signed for the certified letter, would be tantamount to the Assessor seeing the postman depart letter in hand, following him, watching him arrive at the proper address, seeing him hand the letter to an individual at the proper address yet still imposing an obligation upon the Assessor to camp out until it can confirm that the intended recipient has been handed the letter. When notice is due, "the means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane*, 339 U.S. at 315. The assessment of adequacy and reasonability balances the interests of the state against the individual's interest. *Flowers*, 126 S. Ct. at 1715. Neither 36 M.R.S.A. § 111(2) nor the due process clause require the agency to search for the absentee so that the information may be directly conveyed.

Defendant received notice that was statutorily and constitutionally adequate. Because notice was adequate, there is no statutory or constitutional deficiency in the Assessor's procedures, defendant is therefore collaterally estopped from challenging the assessor's final determination of residency.

The entry is:

> Plaintiff's motion for summary judgment is GRANTED; judgment is entered against the defendant in the amount of $159,190.10, plus interest and costs; defendant's motion to dismiss is DENIED.

Dated: September____*19*____, 2007

Donald H. Marden
Justice, Superior Court

OFFICE OF THE ATTORNEY GENERAL 6 STATE HOUSE STATION
AUGUSTA ME 043330006
Attorney for: STATE OF MAINE
KELLY L TURNER  - RETAINED 12/15/2006
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2006-00319

**DOCKET RECORD**

vs
RODMAN E THOMPSON  - DEFENDANT
1145 S LEOPARD ROAD,
BERWYN PA 19312
Attorney for: RODMAN E THOMPSON
ROGER KATZ  - RETAINED
LIPMAN & KATZ & MCKEE, PA
227 WATER STREET
PO BOX 1051
AUGUSTA ME 04332-1051

Filing Document: COMPLAINT                    Minor Case Type: OTHER CIVIL
Filing Date: 12/15/2006

## Docket Events:

12/15/2006 FILING DOCUMENT - COMPLAINT FILED ON 12/15/2006

12/15/2006 Party(s):  STATE OF MAINE
          ATTORNEY - RETAINED ENTERED ON 12/15/2006
          Plaintiff's Attorney: KELLY L TURNER

12/15/2006 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 12/15/2006

01/05/2007 Party(s):  RODMAN E THOMPSON
          SUMMONS/SERVICE - PROOF OF SERVICE SERVED ON 12/18/2006
          SERVED ON ANNA THOMPSON FOR RODMAN E. THOMPSON

01/12/2007 Party(s):  RODMAN E THOMPSON
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 01/09/2007
          Defendant's Attorney: ROGER KATZ
          TO FILE RESPONSIVE PLEADING WITH PROPOSED ORDER.

01/12/2007 Party(s):  RODMAN E THOMPSON
          MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/11/2007
          S KIRK STUDSTRUP , JUSTICE
          COPIES TO PARTIES/COUNSEL                                    MOTION GRANTED.
          DEFENDANT'S RESPONSIVE PLEADING TO BE FILED ON OR BEFORE JANUARY 22, 2007

01/12/2007 Party(s):  RODMAN E THOMPSON
          LETTER - FROM PARTY FILED ON 01/07/2007
          Defendant's Attorney: ROGER KATZ
          LETTER ENTERING APPEARANCE.

01/12/2007 Party(s):  RODMAN E THOMPSON

ATTORNEY - RETAINED ENTERED ON 01/09/2007
Defendant's Attorney: ROGER KATZ

01/17/2007 Party(s): RODMAN E THOMPSON
RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 01/17/2007
Defendant's Attorney: ROGER KATZ

01/19/2007 Party(s): RODMAN E THOMPSON
RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 01/17/2007
Defendant's Attorney: ROGER KATZ

01/19/2007 Party(s): RODMAN E THOMPSON
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/19/2007
Defendant's Attorney: ROGER KATZ
REQUEST FOR PRODUCTION OF DOCUMENTS, SERVED ON K. TURNER, AAG ON 01/17/07.

01/19/2007 Party(s): RODMAN E THOMPSON
RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE AMENDED ON 01/19/2007
Defendant's Attorney: ROGER KATZ
ADDITIONAL AFFIRMATIVE DEFENSE

01/23/2007 ORDER - SCHEDULING ORDER ENTERED ON 01/23/2007
DONALD H MARDEN , JUSTICE
ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT. COPIES TO
PARTIES/COUNSEL

01/23/2007 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 09/01/2007

01/23/2007 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 01/23/2007
DONALD H MARDEN , JUSTICE

01/24/2007 Party(s): RODMAN E THOMPSON
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/24/2007
Defendant's Attorney: ROGER KATZ
DEFT'S INTERROGATORIES PROPOUNDED TO PLF, SERVED ON K. TURNER, AAG ON 01/23/07.

01/26/2007 Party(s): STATE OF MAINE
MOTION - MOTION TO WAIVE ADR FILED ON 01/26/2007
Plaintiff's Attorney: KELLY L TURNER
PROPOSED ORDER AND REQUEST FOR HEARING.

02/07/2007 Party(s): STATE OF MAINE
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/07/2007
Plaintiff's Attorney: KELLY L TURNER
PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES AND PLAINTIFF'S RESPONSE TO DEFENDANTS'
REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON ROGER J. KATZ, ESQ. ON 2/5/07

02/13/2007 Party(s): RODMAN E THOMPSON
OTHER FILING - OPPOSING MEMORANDUM FILED ON 02/09/2007
Defendant's Attorney: ROGER KATZ
TO PLAINTIFF'S MOTION FOR EXEMPTION FROM RULE 16B ADR REQUIREMENTS .

02/13/2007 Party(s): STATE OF MAINE

OTHER FILING - REPLY MEMORANDUM FILED ON 02/13/2007
Plaintiff's Attorney:  KELLY L TURNER
PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR EXEMPTION FROM RULE 16B ADR
REQUIREMENTS.

02/16/2007 HEARING - PRETRIAL/STATUS SCHEDULED FOR 03/09/2007 @ 8:30
DONALD H MARDEN , JUSTICE
NOTICE TO PARTIES/COUNSEL

02/16/2007 HEARING - PRETRIAL/STATUS NOTICE SENT ON 02/16/2007

03/06/2007 Party(s):  RODMAN E THOMPSON
LETTER - FROM PARTY FILED ON 03/06/2007
Defendant's Attorney: ROGER KATZ
LETTER WITHDRAWING OPPOSITION TO MOTION FOR EXEMPTION

03/06/2007 HEARING - PRETRIAL/STATUS NOT HELD ON 03/06/2007
OPPOSITION WITHDRAWN

03/06/2007 Party(s):  STATE OF MAINE
MOTION - MOTION TO WAIVE ADR GRANTED ON 03/06/2007
DONALD H MARDEN , JUSTICE
THIS ACTION IS EXEMPT  FROM ADR

03/20/2007 Party(s):  STATE OF MAINE
MOTION - MOTION SUMMARY JUDGMENT FILED WITH AFFIDAVIT ON 03/20/2007
Plaintiff's Attorney:  KELLY L TURNER
PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE ISSUE, AFFIDAVIT OF PHILIP O.
YOUNG, REQUEST FOR HEARING ON MOTION FOR SUMMARY JUDGMENT AND PROPOSED DECISION AND ORDER.

04/12/2007 Party(s):  RODMAN E THOMPSON
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 04/12/2007
Defendant's Attorney: BENJAMIN J SMITH
TO SUBMIT OPPOSITION TO THE STATE'S MOTION FOR SUMMARY JUDGMENT (UNOPPOSED)WITH PROPOSED
ORDER.

04/17/2007 Party(s):  RODMAN E THOMPSON
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 04/12/2007
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL                                        TIME TO REPLY
TO SUMMARY JUDGMENT EXTENDED TO 5/9/07.

05/10/2007 Party(s):  RODMAN E THOMPSON
OTHER FILING - OPPOSING MEMORANDUM FILED ON 05/09/2007
Defendant's Attorney: ROGER KATZ
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DEFENDANT'S OPPOSING STATEMENT OF MATERIAL
FACTS, DEFENDANT'S SEPARATE STATEMENT OF ADDITIONAL MATERIAL FACTS WITH PROPOSED ORDER.

05/10/2007 Party(s):  RODMAN E THOMPSON
MOTION - MOTION TO DISMISS FILED ON 05/09/2007
Defendant's Attorney: ROGER KATZ
PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION WITH PROPOSED ORDER.

05/10/2007 Party(s): RODMAN E THOMPSON
MOTION - MOTION TO VACATE FILED ON 05/09/2007
Defendant's Attorney: ROGER KATZ
THE TAX ASSESSOR'S FINAL DECISION FOR ADMINISTRATIVE REVIEW WITH PROPOSED ORDER.

05/14/2007 Party(s): STATE OF MAINE
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 05/14/2007
Plaintiff's Attorney: KELLY L TURNER
TO FILE REPLY MEMORANDUM (UNOPPOSED) WITH PROPOSED ORDER.

05/17/2007 Party(s): STATE OF MAINE
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 05/16/2007
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL                                        TIME EXTENDED
TO 5/28/07 FOR RESPONSE.

05/30/2007 Party(s): STATE OF MAINE
OTHER FILING - REPLY MEMORANDUM FILED ON 05/29/2007
Plaintiff's Attorney: KELLY L TURNER
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, PLAINTIFF'S REPLY STATEMENT OF MATERIAL
FACTS WITH ATTACHED EXHIBIT 1

06/01/2007 Party(s): RODMAN E THOMPSON
LETTER - FROM PARTY FILED ON 06/01/2007
Defendant's Attorney: BENJAMIN J SMITH
LETTER REQUESTING A HEARING ON THE STATE'S MOTION.

07/16/2007 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 08/01/2007 @ 10:00

07/16/2007 HEARING - MOTION SUMMARY JUDGMENT NOTICE SENT ON 07/12/2007

07/23/2007 Party(s): STATE OF MAINE
LETTER - FROM PARTY FILED ON 07/23/2007
STATE'S UNOPPOSED MOTION TO CONTINUE HEARING SCHEDULED FOR AUGUST 1 2007

07/25/2007 HEARING - MOTION SUMMARY JUDGMENT CONTINUED ON 07/25/2007
DONALD H MARDEN , JUSTICE

07/25/2007 Party(s): STATE OF MAINE
MOTION - MOTION TO CONTINUE FILED ON 07/23/2007
Plaintiff's Attorney: KELLY L TURNER

07/25/2007 Party(s): STATE OF MAINE
MOTION - MOTION TO CONTINUE GRANTED ON 07/25/2007
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL

07/25/2007 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 09/05/2007 @ 9:00
DONALD H MARDEN , JUSTICE

08/10/2007 HEARING - MOTION SUMMARY JUDGMENT SCHEDULED FOR 09/05/2007 @ 10:00

09/06/2007 HEARING - MOTION SUMMARY JUDGMENT HELD ON 09/05/2007

DONALD H MARDEN , JUSTICE
Defendant's Attorney: ROGER KATZ
Plaintiff's Attorney:  KELLY L TURNER
NO COURTROOM CLERK.

09/06/2007 Party(s):  STATE OF MAINE
MOTION - MOTION SUMMARY JUDGMENT UNDER ADVISEMENT ON 09/05/2007
DONALD H MARDEN , JUSTICE

09/14/2007 Party(s):  STATE OF MAINE
OTHER FILING - REPLY MEMORANDUM FILED ON 09/12/2007
Plaintiff's Attorney:  KELLY L TURNER
PLTF'S CONSOLIDATED AMENDED REPLY MEMORANDUM IN SUPPORT ON ITS MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM IN OPPOSITION TO DEFT'S MOTION TO DISMISS AND MOTION TO VACATE.

09/20/2007 FINDING - JUDGMENT DETERMINATION ENTERED ON 09/19/2007
DONALD H MARDEN , JUSTICE
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS GRANTED; JUDGMENT IS ENTERED AGAINST THE
DEFENDANT IN THE AMOUNT OF $159,190.10, PLUS INTEREST AND COSTS; DEFENDANT'S MOTION TO
DISMISS IS DENIED.

ORDER - SUMMARY JUDGMENT ENTERED ON 09/19/2007
DONALD H MARDEN , JUSTICE
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS GRANTED; JUDGMENT IS ENTERED AGAINST THE
DEFENDANT IN THE AMOUNT OF $159,190.10, PLUS INTEREST AND COSTS; DEFENDANT'S MOTION TO
DISMISS IS DENIED.
Judgment entered for STATE OF MAINE and against RODMAN E THOMPSON in the amount of $159190.10.

09/20/2007 FINDING - FINAL JUDGMENT CASE CLOSED ON 09/20/2007

09/20/2007 Party(s):  RODMAN E THOMPSON
MOTION - MOTION TO DISMISS DENIED ON 09/19/2007
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL

09/20/2007 Party(s):  STATE OF MAINE
MOTION - MOTION SUMMARY JUDGMENT GRANTED ON 09/19/2007
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL

09/20/2007 HEARING - MOTION SUMMARY JUDGMENT HELD ON 09/05/2007

09/20/2007 Party(s):  RODMAN E THOMPSON
MOTION - MOTION TO VACATE MOOT ON 09/19/2007
DONALD H MARDEN , JUSTICE

A TRUE COPY
ATTEST: _____
                          Clerk